BRENSINGER et al. v. MARGARET ANN SUPER MARKETS, Inc., et al.

No. 13429.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1951.

George M. Crump, as the owner of 15 shares, and Ray D. Brensinger, as the owner of one share, out of a total of 16,470 shares of common stock, brought this suit on January 13, 1950, under rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C.A., naming the corporation as defendant along with the defendants charged with having wronged it. These were Robert Pentland, Jr., named as the arch offender, his daughter and his mother, and three persons, associates of his in the accounting firm of Pentland, Purvis, Keller & Milton.

Reduced to its essentials, the claim was: that Pentland, by belittling the value of the corporate stock, influencing the nonpayment of dividends and otherwise depressing its value, had acquired for himself and his named associates, at ridiculously low prices below the market, a majority[1] of the voting shares, thereby obtaining control of the corporation; that an unnamed part of the shares had been acquired with funds of the corporation; that among the purchases of stock made at ridiculously low prices was the purchase in May, 1939, of 2500 shares at $2.00 per share, in June, 1941, of 500 shares at $5.00 per share, and in October, 1943, of 100 shares; and that the shares thus acquired were unlawfully issued and should be called in and cancelled; that using the power thus acquired by the control of the stock, he had caused the directors of the corporation to vote him and his family excessive and exorbitant funds and committed other fraudulent acts and violations of his duty as an officer and director of the corporation. Among these were: the payment of a royalty to his daughter for the use of her name; the payment of unreasonable bonuses to himself; the use of corporate funds for his own purpose; and forcing the corporation to borrow money from him.

The prayer was for a full accounting and a judgment: cancelling the stock thus fraudulently acquired and held; and directing the return to the corporation of all monies illegally obtained from it.

----◇----

R. H. Ferrell, D. H. Redfearn, John M. Murrell, and Walter E. Dence, all of Miami, Fla., for appellants.

W. G. Ward, Robert H. Anderson, and Emett C. Choate, all of Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

1. The detail in the complaint, however, showed not a majority, but an aggregate of less than that in the name of Pentland and his named associates, to-wit, 7,184 shares.

The defendants, on February 6, 1950, filed a motion to strike, a motion to dismiss,[2] and answers.[3] Then followed, on February 10, 1950, a motion for summary judgment under rule 56, setting up that there was no genuine issue as to any material fact which in law would entitle plaintiff to recovery, with affidavits and documents attached.[4]

No controverting affidavits or other form of controversion were filed, and the district judge, after full consideration, entered summary judgment.[5]

2. This was on the grounds: that the complaint consisted of mere generalities and, in violation of rule 9, subsection (b), Federal Rules of Civil Procedure, failed to state with particularity the fraud sought to be charged; that the bill is not sufficiently in compliance with rule 23(b) in that it does not contain a sufficient showing of the necessity of the suit by a stockholder; that the bill does not show a sufficient diversity of citizenship; that the allegations are insufficient and contradictory; that the claims in the complaint are barred by limitation and by laches.

3. In these, denying plaintiff's charges, they traced briefly the history of the corporation from its complete insolvency in 1933 until its dissolution in 1948, when its shares had become very valuable; alleged that in 1941, when the corporation name was changed from Southern Stores to Margaret Ann Super Markets, Inc., one share of class B common stock was issued to the plaintiff, Brensinger; that proceedings for the voluntary dissolution of the corporation were begun and terminated in 1949 by which each stockholder will receive for each share of stock worth $1.00 when he acquired it the sum of $240. Denying the allegations of the complaint that there had been any fraud upon or overreaching of the stockholders, they alleged: that 99 percent of the stockholders have specifically approved in writing the issuance and ownership of all the stock issued to the defendants and other stockholders of record; that plaintiffs, therefore, cannot maintain this suit on behalf of stockholders holding 16,372 class B shares for the reason that all of such holders at a meeting held on November 14, 1949, upon a full disclosure of the history of the issuance of the several shares of stock and of the affairs and condition of the company, fully approved and confirmed the acts of the directors and officers and the plan of dissolution and distribution.

4. An affidavit showing that plaintiff Crump did not become a stockholder until 1948, and was, therefore, not a shareholder at the time of the acts complained of; affidavits of Robert Pentland, Jr.: (1) specifically pointing out circumstances of the purchase of the name "Margaret-Ann" and the percentage agreement thereon; (2) dealing definitely and specifically with all loan transactions and other financial deals mentioned generally in the bill of particulars; (3) dealing specifically with all purchases of stock by Robert Pentland, Jr., the values thereof, and the conditions under which stock was purchased and the condition of the company and the value of its stock from time to time.

5. "This cause is before the Court on motion to dismiss the bill, motion to strike certain portions of the bill and motion for summary judgment. The case has been ably presented by counsel for both plaintiffs and defendants. The Court has reached the conclusion that motion for summary judgment should be granted. On this motion it is affirmatively made to appear and is uncontradicted that the plaintiff, George M. Crump, did not purchase any stock in the corporation for more than four years after the happening of the last alleged mismanagement sometime in 1944. The plaintiff, Crump, is in no legal position to attack mismanagement of the corporation occurring prior to his acquisition of stock.

"It appears from the motion for summary judgment and documentary evidence and affidavits filed therewith that the last act or event of which the plaintiff Ray D. Brensinger complains occurred sometime in 1944 and almost six years before the filing of this suit. It affirmatively appears from the motion and documentary evidence filed therewith and is not contradicted that said plaintiff did not seek redress through any means afforded him under the charter and by-laws of the corporation, nor that he was prevented from so doing, and no reason has been shown for his failure to seek redress through the board of directors of said corporation. It appears on motion for summary judgment and documentary evidence filed therewith that no demand was ever made upon the trustees and that no claim has ever been filed by the plaintiff with the trustees on account of the matters of which he

Appealing from that judgment, plaintiffs are here insisting that in so adjudging and in dismissing the complaint, the district judge erred. The defendants are here urging as vigorously that the judgment should be affirmed for the reasons given by the district judge, and, in addition, for the reason that the complaint was barred by the three year statute of limitations of Florida.

Here appellants insist that on the face of the complaint a case was made out such that the complaint could not have been dismissed for failure to state a cause of action, and that, though the defendants did file affidavits specifically and directly controverting the allegations of the complaint, the complaint having been sworn to, these affidavits did not swear away the effect of the sworn bill, and the case stood for trial on the issues joined by the answer.

■■■ We do not think so. We think it clear that on its face the complaint was insufficient to sustain a recovery. This is so because it failed, except as to the stock purchase, the use of his daughter's name, and the payment of unreasonable bonuses, to definitely allege what acts Pentland had done. Particularly it failed to allege wherein the acts charged to Pentland were wrongful or illegal, relying in-

stead on mere generalities and conclusions. It is insufficient, too, because if it could be said to be sufficiently definite as a stockholders' bill, it showed on its face that the moving plaintiff was now estopped and barred by laches to maintain the action after the lapse of time and under the circumstances of the matter shown, and because the statutes of limitations of Florida had run against the complaint.[6] In addition, we think it clear that the motion for summary judgment was correctly granted because the case presented no material dispute of fact. This is so, not merely because plaintiff failed to file controverting affidavits but because, opposed to the generalities and conclusions of the complaint, the affidavits positively and definitely established that its conclusions of wrong doing were completely unfounded. In addition, they established that instead of the corporation having a cause of complaint, its affairs had been managed so efficiently and satisfactorily by its officers and directors that not merely Pentland but all of the stockholders, except plaintiff, with full knowledge of the facts, had ratified and confirmed all that its officers and directors had done.

■■■ It is settled law, not only in this circuit[7] but elsewhere, that, under rule 56,

---

complains. It appears that no suit, action or proceeding was ever taken by the said plaintiff for redress for the acts, conduct and events of which he complains prior to the institution of this suit.

"The Court is of the opinion that the doctrine of laches should be applied to the plaintiff and that he is in no position to maintain this suit. It does not appear to the Court that there is any genuine issue as to any material fact. No opposing affidavits have been filed, and the plaintiffs have offered nothing to contradict the probative force of the documentary evidence and affidavits filed in support of summary judgment.

"The Court has considered the question of the right of Dr. Jackson-Moore to intervene in this cause and has reached the conclusion that his right to intervene depends upon the right of the plaintiff Brensinger to maintain this action. Having reached the conclusion that the plaintiff Brensinger is not entitled to maintain this action, it follows that

no right to intervene exists in Dr. Jackson-Moore since his position in this suit is no stronger than that of the plaintiff Brensinger.

"It Is, Therefore, ordered, adjudged and decreed that the application of Dr. Jackson-Moore to intervene in this cause is denied.

"It Is Further ordered, adjudged and decreed that the motion for summary judgment herein be, and the same is hereby granted and the bill of complaint dismissed at plaintiffs' costs."

6. Redstone v. Redstone Lumber & Supply Co., 101 Fla. 226, 133 So. 882. Cf. Heard v. Houston Gulf Gas Co., 5 Cir., 78 F.2d 189; Webb v. Powell, 5 Cir., 87 F.2d 983.

7. Wier v. Texas Co., 5 Cir., 180 F.2d 465; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Cf. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265; Dulansky v. Iowa-Illinois Gas & Elec. Co., D.C., 10 F.R.D. 566.

462

the court examining the pleadings and the affidavits and documentary proof furnished is to determine whether there is any genuine issue of fact remaining to be tried. The district judge on the record before him determined that there was not. On that record he could not have done otherwise.

The judgment was right, and it is affirmed.