DREW, E. HARRIS, Associate Judge.
The appellee, Willard Hallam, brought suit against the appellant, his sister, seeking to cancel numerous conveyance and transfers of assets to her from the estate of their mother made over a period of many years both before and after the mother’s death in 1939, to establish a constructive trust, and to obtain a full accounting in connection with the handling of such assets because of the fiduciary relationship of the parties and alleged conversion of trust properties.
The complaint, as amended, has been sustained and a number of rulings made by the court upon permissible scope of discovery procedures. The cause is now before this Court for review of an interlocutory order of the chancellor overruling defendant’s objections to interrogatories and denying her motion for protection in regard to such interrogatories.
Whether or not the interrogatories in this case, more than 1,100 in number, are on their face oppressive (see Zenith Radio Corp. v. Radio Corp. of America, D.C., 106 F.Supp. 561), a question which the trial court in its discretion determined adversely to the defendant, their content is such that in the state of the record here they improperly anticipate the accounting *48 to which plaintiff has not been found entitled. Charles Sales Corp. v. Rovenger, Fla., 88 So.2d 551; Manning v. Clark, Fla., 56 So.2d 521, 523.
Many of the interrogatories in controversy are directed to a determination of actual money amounts dr precise sources of payments made over a period of many years, and are not such as can be answered by personal recollection or by admission or denial of specified facts. Cf. 4 Moore’s Federal Prac., Sec. 33.03(5), 2d Ed. There can be no serious contention that such inquiries can be answered without detailed compilation of data from all available sources, including books and records of the defendant and other parties, many of which are or can be made available for plaintiff’s inspection. See Vol. 2, Barron and Holtzoff, Fed.Prac. & Proc., Sec. 768. It is therefore plain that the situation is precisely that which the equitable accounting technique, in the hands of a competent master, is designed to handle. The fact that all such information might be helpful to one seeking to establish grounds for an accounting or that certain of the inquiries may be within the proper limits of discovery procedures, cannot justify the premature imposition of such a burden upon a defendant to render an accounting before an adjudication of his obligation to do so — or upon a court to undertake the framing of proper interrogatories by sifting and revising a group of inquiries obviously containing improper matter. Charles Sales Corp. v. Rovenger, supra.
The court below refers, in its order sustaining the amended complaint, to certain material charges contained therein, i. e. wrongful failure by defendant to probate her mother’s will, and acquisition of trust properties for individual benefit. Until, however, it adjudicates, upon one or more of such grounds, that defendant has in fact violated her fiduciary obligations so as to entitle plaintiff to establishment of a constructive trust, or makes an adverse finding upon defendant’s claims of gifts inter vivos, laches, or other defensive matter, the use of interrogatories of the scope here involved is clearly premature as an equitable accounting in the guise of a discovery procedure. We find no distinguishing circumstances in the record at bar to prevent the application of the rule of the above cited cases.
Reversed and remanded for further proceedings not inconsistent herewith.
KANNER, C. J., and SHANNON, J., concur.