SHANNON, Judge.
This is an interlocutory appeal by three of the defendants below from three orders of the chancellor (1) denying defendants’ motion to dismiss the amended complaint, (2) overruling objections to interrogatories and denying defendants’ motion for protective order with respect to the interrogatories, and (3) granting plaintiff’s motion to require that the interrogatories be answered.
The plaintiff' below, Walter Warren, brought suit in equity as a minority stockholder of the defendant Florida Fruit Company wherein he alleged fraud on the part of Clarence G. Bouis, deceased, who was a majority stockholder of Florida Fruit Company during his lifetime. Plaintiff further alleged that in 1939 he had acquired forty shares of second preferred capital *284 stock of the Florida Fruit Company. The relief requested by plaintiff included an accounting of funds and properties alleged to have been unlawfully diverted by Mr. Bouis from the Florida Fruit Company and the establishment of a constructive trust on such diverted property which could be traced into the hands of the alleged heirs of Clarence G. Bouis and his estate, who are the other defendants in this action.
The motion to dismiss the amended complaint was overruled, and the other decrees to which we have referred were entered. The interrogatories were concerned with a variety of details which we need not consider, inasmuch as plaintiff has not yet established his right to either an accounting or a constructive trust.
The defendants in their first point maintain that their motion to dismiss the amended complaint should have been sustained under Rule 1.9(b), Florida Rules of Civil Procedure, 30 F.S.A., which provides:
“In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit. * *
We do not agree with this contention, as the amended complaint alleged fraud in the conveyances of several parcels of real estate from the corporation to the decedent. All of the particularities as the circumstances may permit were, as we view it, set out in the amended complaint. The defendants cite Brensinger v. Margaret Ann Super Markets, 5 Cir., 1951, 192 F.2d 458, a case which originated in Florida; Hornsby v. Lohmeyer, 1950, 364 Pa. 271, 72 A.2d 294; and Fletcher, Cyc. Corp. § 6005. There are numerous other cases on this subject, but we cannot say, as a matter of law, that the allegations of plaintiff’s amended complaint were insufficient to allege fraud.
In connection with the other decrees entered by the chancellor below 'we have a more serious question. In Gladman v. Hallam, Fla.App. 1958, 104 So.2d 46, there were more than 1,100 interrogatories that went to the question of an accounting, while in the instant case there are only about thirty. They cannot be answered, if at all, without the use of an accounting. All such information might be helpful to the plaintiff in his allegations of fraud, but until and unless the plaintiff has established his right to an accounting, the information he seeks is premature. We are not attempting here to say which of the interrogatories, if any, may be valid, but we are holding that all of them at this time improperly anticipate the accounting to which plaintiff has not been found entitled. Gladman v. Hallam, supra; Brensinger v. Margaret Ann Super Markets, supra; and Charles Sales Corporation v. Rovenger, Fla.1956, 88 So.2d 551.
Reversed and remanded for further proceedings not inconsistent with the views expressed herein.
KANNER, C. J., and ALLEN, J., concur.