ALLEN, Chief Judge.
This is an appeal from a summary judgment entered in favor of the defendant, El-zie L. Dew, in an action by the plaintiffs, appellants herein, on a creditor’s bill seeking an order of the chancellor to the sheriff to levy execution on certain realty and its contents belonging to defendant, as a pro tanto payment on plaintiffs’ unsatisfied judgments for damages against defendant.
Since the identity of the appellee, Elzie L. Dew, as being the proper party defendant was the issue of fact to be determined by the lower court, we feel that a detailing of the events leading up to the present litigation is necessary to a determination of this appeal.
An automobile being driven by Annie Hunter Dew collided with an automobile operated by appellant Chirico on March 30, 1951. The other two appellants were passengers in Chirico’s automobile at the time of the accident. All three appellants were injured.
The appellants subsequently brought suit against H. C. Dew and Ann Hunter Dew. At the time of the accident, the record title to the vehicle being driven by Annie Hunter Dew was in the name of H. C. Dew. It would therefore appear that the suits were brought against the driver of the vehicle and the owner of the vehicle. After this suit was instituted, Elzie L. Dew, the husband of Annie Dew and father of H. C. Dew, accepted service of process as H. C. Dew.
*598 Thereafter, Elzie L. Dew, still claiming to be H. C. Dew, filed a counterclaim in each of the three suits through his attorney alleging:
“The defendant, H. C. Dew, has incurred large doctor bills and medical bills in attempting to heal his wife, Annie Hunter Dew, and is now, has been, and will be deprived in the future permanently of the services and consortium of his wife." (Emphasis added.)
Due to the untimely death of defendant’s attorney, and for other reasons not disclosed by the record, this counterclaim was finally dropped and the three suits against “Ann Hunter Dew and H. C. Dew” proceeded to verdicts and judgments against the Dews on November 16, 1953, unopposed by the parties or counsel. Thereafter, these judgments were duly filed and docketed in the office of the cleric of the Circuit Court for Orange County.
On December 12, 1953, three executions were issued against the personal and real property of H. C. Dew and Ann Hunter Dew. Pursuant to these executions, a levy was attempted by the sheriff in July, 1954.
In connection with this attempted levy of execution, the defendant, E. L. Dew, appeared before a notary on July 13, 1954, and after having been duly sworn testified in a deposition taken by Sam E. Murrell, counsel for appellants, as follows:
“Q. What is your name? A. Dew.
“Q. H. C. Dew? A. Yes.
“Q. Where do you live, Dr. Dew? A. 30 East Par Avenue.
“Q. Orlando. A. Yes.
“Mr. Dew, you own an equity in a house at 30 East Par? A. Yes.
sjc *1* H*
“Q. You are buying under a contract to purchase, is that correct? A. Yes.
“Q. In whose name is that contract? A. In mine and my wife’s name.
“Q. Was that contract formerly in somebody elses name? A. No.
“Q. Do you have a contract? A. No, just have a contract.
* * % * * *
“Q. Have any kind of bonds, stocks? A. No, sir — no bonds or stock, don’t even have insurance on myself — was working on a scaffold and got hurt, had to go to the hospital. Didn’t have any money. Borrowed it from a friend of mine. He’s holding title to my car until I pay it back.
* # % * * *
“Q. Didn’t take a mortgage or anything? A. Just holding the title until the money is paid back.
“Q. And that’s on your ’46 Olds? A. No, it’s a ’47.
“Q. Do you have any other cars? A. No.
% , ‡
“Q. What is your boy’s name? A. H. C. Dew — same as mine — H. C.
* * Sfc
“Q. Got any other vehicles other than this ’47 Oldsmobile? A. No, sir.”
The day after the above deposition was taken, July 14, 1954, E. L. Dew filed an affidavit and inventory for exemption of his personal property and homestead exemption on his real property, both of which were allowed on the basis that the defendant was the head of a family consisting of himself and Ann Hunter Dew. At the bottom of the personal property inventory the following appears:
“To Whom It May Concern:
This is to certify that H. C. Dew, one of the defendants in this case and E. L. Dew whose signature appears on this affidavit on this page and on the *599 following page are one and the same person.
/s/Robert Roth”
On the following page of this affidavit of inventory the following appears:
“On this day personally appeared before me, the undersigned authority, the above named defendant, H. C. Dew, who * * *
/s/ E. L. Dew
Defendant
“Sworn to and subscribed before me •at Orlando, Florida, this 14th day of July, 1954.
(Notary Seal) /s/ Robert Roth
Notary Public”
The homestead designation which was also filed on July 14, 1954, states:
“Know All Men By These Present: That I, H. C. Dew, of the above county and state * * *
“In Witness Whereof, I hereunto set my hand this 14th day of July, 1954.
/&/ E. L. Dew”
Ann Hunter Dew died on October 7, 1957, and soon thereafter a sheriff’s levy was attempted on the real estate of E. L. Dew pursuant to the unsatisfied judgments against H. C. Dew. At this time, Elzie L. Dew stated he was not H. C. Dew, and claimed to know nothing about the original three law suits and unsatisfied judgments.
Thereafter on June 23, 1958, the appellants filed the instant suit as a creditors’ bill in equity wherein the defendant was styled as “Elzie L. Dew, also known as H. C. Dew, defendant,” alleging that Elzie L. Dew, E. L. Dew and H. C. Dew are one and the same person, and petitioned the chancellor to so find and issue an order to the sheriff to levy on the realty and its contents belonging to appellee. Appellee filed a motion to dismiss, which was denied; then filed an answer and motion for summary judgment; after which the appellant filed a motion for summary judgment.
In support of appellee’s motion for summary judgment, there were filed a certification by the Florida Motor Vehicle Commissioner showing the record title of the colliding car at the time of the accident to be in the name of H. C. Dew; an affidavit by the son of Ann Hunter Dew and E. L. Dew stating that he, H. C. Dew, was the owner of the colliding car; the birth certificate of the son, H. C. Dew; an affidavit by E. L. Dew stating that the said H. C. Dew is his son; and the birth certificate of E. L. Dew.
The appellants filed the forementioned exemption documents, pleadings on file from the original three negligence suits the previously quoted deposition of E. L. Dew, and certificate of service from the original suits which E. L. Dew accepted as being H. C. Dew.
On November 3, 1958, by entry of the final order, the chancellor granted defendant’s motion to strike the paragraphs of plaintiffs’ complaint which set forth the homestead exemption claim of the defendant; that the exemption was granted; and a paragraph which summarized all the acts of defendant in holding himself out as being H. C. Dew. This final order then stated:
“It Is Further Ordered, Adjudged and Decreed, after considering the affidavits, deposition and exhibits of the parties filed in support of their respective motions for Summary Decree, that the Court finds the same show there is no genuine issue as to any material facts and the Defendant is entitled to a Summary Final Decree as a matter of law, and that the Defendant’s Motion for Summary Decree be and the same is hereby granted.”
Since this case must be reversed and remanded, we will not pass upon all the issues presented but will confine this discussion to the question of whether there was genuine issue of a material fact.
The deposition of E. L. Dew and the exemption documents having been outlined, *600 supra, suffice it to say that in addition thereto the affidavit of the son, H. C. Dew, although stating that record title to the colliding car was in his name and that he was the defendant in the three suits, did not mention that as a defendant he was ever served with process in that capacity. Indeed the appellee, E. L. Dew, in his deposition swore that he was H. C. Dew, the owner of the very same 1947 model Oldsmobile.
When the original three executions were issued against the real and personal property of H. C. Dew and Ann Hunter Dew, instead of declaring that the judgments on which these executions were based were against his son and not himself, E. L. Dew immediately filed the forementioned exemptions. Although this act alone would not constitute an admission of the validity of the judgments, this act along with the accepting of process in the name of H. C. Dew and subsequent acts of E. L. Dew established a pattern of conduct that certainly would create a genuine issue in view of the fact that now E. L. Dew denies any knowledge of the prior judgments.
Appellee contends that the documents relating to the homestead and the exemptions were correctly stricken from the record as being irrelevant on the issue of whether E. L. Dew is also known as H. C. Dew. With this contention we cannot agree. These documents set forth H. C. Dew as the declarant but then are signed “E. L. Dew.” Thus it was error to exclude the allegations of the complaint referring to these documents, as these portions of the complaint allege facts which, if true, not only are material to the issue identity of H. C. Dew, but also form tire entire basis for bringing the creditor’s bill.
We note that both parties moved for a summary judgment in this case. The scope and effect of such procedure and the proper action to he taken thereon by the trial court is clearly set forth in Shaffran v. Holness, Fla., 1957, 93 So.2d 94, 97:
“Summary proceedings under 30 F. S.A. Fla.Rules of Civil Procedure, rule 1.36 may be used only to determine whether or not there is a genuine issue of material fact to be determined. Factual issues may not be tried or resolved in such proceedings. Johnson v. Studstill, Fla., 1954, 71 So.2d 251. And a judgment should not be rendered in such proceedings unless the facts are so crystallized that nothing remains but questions of law. Yost v. Miami Transit Co., Fla., 1953, 66 So.2d 214.
“Nor is it material that both plaintiff and defendants had each moved for summary final decree on the basis that there was no genuine issue of material fact, for the court is not required to so rule, nor does it follow that there is actually no such issue, merely because both parties so contend. Begnaud v. White, 6 Cir., 1948, 170 F.2d 323; Walling v. Richmond Screw Anchor Co., 2 Cir., 1946, 154 F.2d 780, certiorari denied 1946, 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640.
“Further the moving parties have the burden of showing the absence of a genuine issue of material fact and all doubts as to existence of such fact must be resolved against them. Williams v. City of Lake City, Fla., 1953, 62 So.2d 732. If movant’s showing is inadequate or an issue of fact otherwise appears the motion must be denied. Brensinger v. Margaret Ann Super Markets, Inc., 5 Cir., 1951, 192 F.2d 458; Dulansky v. Iowa-Illinois Gas & Elect. Co., D.C.S.D.Iowa 1950, 10 F.R.D. 566.”
After reviewing the pleadings, depositions and affidavits, we hold that appellee did not show the absence of an issue of fact on the main issue of the identity of H. C. Dew involved herein and it was error for the lower court to enter the summary final decree in favor of appellee.
*601 The summary final decree is reversed and the cause remanded for further proceedings not inconsistent herewith.
SHANNON, J., and REVELS, P. B., Associate Judge, concur.