ALLEN, Chief Judge.
The appellant was the plaintiff and the appellee was the defendant in the lower court. The plaintiff filed a complaint in chancery seeking damages for an alleged real estate commission due her from the defendant. The defendant filed a motion to dismiss which was granted and the court also transferred the cause to the law side of the court. The plaintiff then filed an amendment to her complaint in law seeking damages of $90,000 for real estate commissions alleged to be owed to plaintiff by defendant. The defendant answered denying the allegations of the complaint. The defendant then took a discovery deposition of plaintiff’s real estate salesman-agent, Paul L. Lewis, and also took the deposition of J. C. Shelton, the president of Florida Builders, the alleged purchaser ready, willing and able to buy the property. On the strength of these depositions, the defendant moved for summary judgment on the theory that Lewis was in fact an agent of the purchaser rather than the agent of the seller.
Some 36 days- later, the plaintiff filed an affidavit of Lewis in opposition to defendant’s motion for summary judgment and in support of plaintiff’s oral motion for summary judgment. The court then entered summary final judgment in favor of defendant from which plaintiff has appealed.
Paul L. Lewis is a real estate salesman for the plaintiff, Lewis Realty. He also has located various parcels of land in the past for Florida Builders, Inc., a developer and home construction corporation. Lewis contacted Florida Builders about the possible purchase by them of defendant’s land approximately three weeks before his initial meeting with the defendant. Lewis discovered from another broker that the land could be bought for $2,200-$2,300 per acre. He communicated this fact to Florida Builders who told Lewis to go ahead and get a “deal” on the property. Two days later Lewis and Shelton, the president of Florida Builders, discussed the land and Shelton explained to Lewis the plans for the land, the price of houses that would be constructed on the land, and that Florida Builders could pay $2,300-$2,500 per acre. After receiving this information, Lewis contacted the defendant owner and began his negotiations to sell the land for her.
The defendant told Lewis that she had to have $2,000 net per acre; that a minimum of 10% and a maximum of 29% down payment would be required; and that any real estate commission would have to be worked out over and above the $2,000 per acre. After various conferences between the defendant, her son, her attorney, and Mr. Lewis, a contract was executed by de *330 fendant’s attorney and Lewis. Lewis obtained the signatures of the officers of Florida Builders and a down payment of $10,000 on the contract but defendant refused to accept the offer. It appears that ■the defendant owned approximately 315 acres on East Bay Drive and Belcher Road, located near Largo.
. After this first contract was refused by .defendant, a second contract was submitted with the changes incorporated therein that had been requested by the defendant. From this point -on in the dealings the contracts provided for the purchaser, Florida Builders, to pay the real estate commission. From the deposition and affidavit of Lewis, it is disclosed that he had been given a power of attorney by Florida Builders to procure acreage and effect a sale; that Florida Builders was to pay him a 10% commission either in cash or interest in the development; and that he was to get to handle other deals for Florida Builders in the future.
The deposition of Shelton, the president of Florida Builders, substantiates the statements of Lewis. Shelton stated that Lewis had been requested to look for acreage for the corporation; that he relied on Lewis to take care of negotiations and present the corporation with a completed deal; thát Lewis knew that the corporation would pay up to’ $2,500 for this type land; and that in times past Lewis had been authorized to act as agent for the corporation as an undisclosed principal.
The portion of the final decree that is argued by appellant provides:
“There are various conflicting issues of fact in this case, but the Court feels that as a matter of law the plaintiff is not entitled to a commission for producing a buyer ready, willing, and able, and upon the price and terms acceptable to the seller. On page 77 of the deposition of Paul L. Lewis, at the top of the page, the answer to a ■question propounded to him as to what was the specific purpose of his employment, the answer was ‘To procure a purchaser and effect a sale.1 ”
Among the findings of the court is the following:
“ * * * it appears that Paul L. Lewis was the salesman and real estate agent who contacted the defendant, Margaret Tyner, and also was the agent of Florida Builders for procuring real estate in upper Pinellas County, and the Court specifically having read pages 76, 77, 78 and 79, of the deposition of Paul L. Lewis, it appears from said deposition that Paul L. Lewis was employed by Florida Builders, Inc., a Florida Corporation, to secure acreage in Pinellas County, Florida, and that it having come to the attention of Paul L. Lewis that Margaret Tyner, the defendant, owned approximately three hundred and fifteen (315) acres on East Bay Drive and Belcher Road, near Largo, Florida, and it further appears that said Paul L. Lewis did contact the defendant, Margaret Tyner, and obtained a price of two thousand dollars ($2,000.00) per acre, net price to the seller, Margaret Tyner, but did not obtain all the terms and conditions upon which Margaret Tyner would sell said property, and it further appears from the affidavit that Paul L. Lewis was the agent and also had an oral power of attorney to make the deal for Florida Builders, Inc., a Florida Corporation, and it also appears that Paul L. Lewis had the authority and could have obtained a better price for the seller, Margaret Tyner. * * ”
It is clearly shown in the above quoted portion of the final decree that the lower court granted the summary judgment in favor of defendant on the basis that the depositions and affidavits established the defense of an undisclosed dual agency and the withholding of material facts from the defendant by plaintiff’s salesman, Lewis. *331 While such conduct by Lewis might well establish a defense to plaintiff’s claim for commission, we do not believe that such matters were properly before the court.
The complaint at law set forth a claim for $90,000.00 for real estate commission. The defendant answered denying that plaintiff’s salesman, Lewis, was entitled to the commission but did not set up any allegations relating to the defense of dual agency. It was not until after the defendant had taken the discovery deposition of Lewis that the defendant filed her motion for summary judgment, with her sworn affidavit attached, that the defense was injected into the cause. The defendant did not amend her answer thus the sole issue, as framed by the pleadings, was whether Lewis had presented a buyer ready, willing and able to the defendant-seller pursuant to his alleged agency agreement with defendant.
In Fink v. Powsner, Fla.App.1959, 108 So.2d 324, 326, the plaintiff had brought an action for attorney’s fees allegedly due under a written contract. The defendant filed a general denial but subsequently, through sworn admissions, admitted the material allegations of the-complaint. The plaintiff then moved for summary judgment based upon the admissions and a work sheet showing the legal work which had been performed. The defendant then filed an affidavit in opposition which alleged that a subsequent agreement had replaced the original agreement upon which plaintiff was suing. The trial court entered summary judgment in favor of plaintiff and the defendant appealed. The court stated in affirming the lower, court:
“The appellant’s sworn admissions, coupled with the work sheet attached to appellee’s motion for summary judgment, resolved all issues of fact under the pleadings in favor of the appellee. The affidavit of the appellant Fink alleged a discharge of the contract sued upon through the creation of a new oral contract inconsistent with the terms of the original contract. This, in effect, raised an affirmative defense in opposition to a motion for summary judgment when, under the Florida rules, such a defense must be pleaded in the answer. Rule 1.8(d), Florida Rules of Civil Procedure. Affirmative defenses not raised by answer are deemed to be waived. Cf. Dicks v. Colonial Finance Corporation, Fla.1956, 85 So.2d 874; Carroll v. Paramount Pictures, D.C., 3 F.R.D. 47.
“Upon the hearing of the motion for summary judgment, the trial judge was presented with a situation wherein all the allegations of the complaint were established without denial. Since no request was made to amend the answer, the court properly rejected the appellants’ attempt to inject an affirmative defense on motion for summary judgment as it was beyond the scope of the issues raised by the pleadings.”
A similar issue was presented to this court in the case of McKibben v. Hardware Mutual Casualty Company, Fla.App.1959, 110 So.2d 455. A per curiam affirmance was entered based on the authority of, among other cases, Fink v. Powsner, supra.
The Supremé Court, in Garrett v. Oak Hall Club, Fla.1960, 118 So.2d 633, points out that if, during the trial of a cause, evidentiary matters are introduced by defendant without objection by plaintiff, which establish a defense to the action even though not raised by the pleadings, under Rules of Civil Procedure, rule 1.15(b), 30 F.S.A. providing for amendments' to conform with the evidence, the answer will be deemed amended even though no formal amendment has been filed. However, in the instant case, the court, in passing on a motion for summary judgment, was limited to the issues as framed by pleadings and supported or refuted by the depositions, admissions and affidavits on file. Rule 1.36, Fla. Rules of Civil Procedure. The court *332 pointed out in the Garrett case that an amendment to conform with the evidence under Rule 1.15(b) is actually an exception to Rule 1.11(h) which provides that any defense not presented in the answer or reply shall be deemed waived. We must conclude, therefore, on this procedural point that the defense of dual agency was not properly before the lower court on defendant’s motion for summary judgment since the answer had not been amended to include such defense.
Aside from the procedural defect in the lower court, we are of the opinion that certain material issues of fact were presented which precluded the proper entry of a summary judgment at this stage of the proceedings. The complaint alleges in essence that plaintiff’s salesman, Lewis, had a listing agreement with defendant and that he presented a buyer who was desirous of purchasing the property on defendant’s terms and conditions. The defendant, in her deposition, admits that she had listed her property with several brokers but denied that Lewis was ever granted a listing contract by her. The deposition of Lewis which was taken by defendant sets forth matters which tend to establish that he was acting as agent for the prospective purchaser when he first approached defendant concerning the selling of her land. In the affidavit of Lewis, filed by plaintiff in opposition to defendant’s motion for summary judgment, he denies that he was ever an “employee or stockholder” of the purchaser, but he admitted that he had shown and interested the purchaser in property listed with plaintiff, including the defendant’s property.
It is manifest that there are conflicts of fact on the issues of whether Lewis was defendant’s agent empowered to find a purchaser; whether Lewis was the purchaser’s agent and failed to disclose this to defendant; and whether there was in fact and law a dual agency situation sufficient to defeat plaintiff’s claim for commissions. We are compelled to state once again the fundamental principle that when depositions or affidavits submitted in support of motion for summary judgment suggest factual conflicts or present a situation on which a jury might properly draw varied conclusions from the record presented,' it is not proper or permissible to grant a summary judgment. Weber v. Porco, Fla.1958, 100 So.2d 146; Williams v. City of Lake City, Fla.1953, 62 So.2d 732; Chirico v. Dew, Fla.App.1959, 113 So.2d 597.
We are of the opinion that the cause must be reversed and remanded for further proceedings not inconsistent herewith.
Reversed.
KANNER and SHANNON, JJ., concur.