**TAMI SPORTSWEAR, Inc. v. COLEBROOK MILLS, Inc., et al.**
No. 66-C-6829.

Circuit Court, Dade County.

August 1, 1967.

Kaplan & Shapiro, Miami Beach, and Judson A. Samuels, Hollywood, for plaintiff.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, and Hahn, Loeser, Freedheim, Dean & Wellman, Cleveland, Ohio, for defendants.

JACK A. FALK, Circuit Judge.

*Order setting cause for trial:* This cause is before the court on defendants' motion to strike plaintiff's notice of final hearing. Plaintiff filed and served on defendants a notice that this cause was set for final hearing on plaintiff's prayer for an accounting and for reference to a special master. Defendants moved the

court to strike such notice of final hearing on the grounds that it failed to comply with the rules of procedure governing the setting of cases for trial, and that an accounting is premature.

Rule 1.440, Florida Rules of Civil Procedure (effective December 31, 1966), prescribes the procedural method of setting cases for trial. The rule provides that the setting of a case for trial and notice thereof shall be accomplished by the court as the exercise of a judicial function, although the court is vested with wide discretion. The 1967 revision of the Rules of Civil Procedure provides there shall be one form of action only. The distinction between equity and law cases is abolished. Rule 1.440 apparently is designed to eliminate the custom prevailing in equity cases of unilaterally obtaining trial dates from the judge's secretary and serving a notice of final hearing on opposing counsel.

It appears, however, that this cause now is at issue upon the amended complaint and the answers of the defendants. The court is authorized on its own motion to set the cause for trial upon at least thirty days notice. Moreover, counsel for the respective parties request that the cause be set for trial.

This is a suit for accounting. The plaintiff's right to the accounting is controverted by the defendants. A controversy exists as to the contractual relations between the parties and their respective rights and obligations. This is the type of suit that should be tried in separate parts; one affecting the right or liability, and the other affecting the measure of recovery. It is premature to require a party to render an accounting before an adjudication of his obligation to do so. It is well settled that in suits for accounting, where the answer raises issues affecting the right to an accounting, the proper practice is for the court to determine the initial issue of plaintiff's right to an accounting, and an accounting may then be decreed if the finding is in favor of plaintiff upon the preliminary issue. Cooper v. Fulton (3rd D.C.A. Fla. 1959), 107 So.2d 798; Gladman v. Hallam (2nd D.C.A. Fla. 1958), 104 So.2d 46; Charles Sales Corp. v. Rovenger (Fla. 1956), 88 So.2d 551; Manning v. Clark (Fla. 1951), 56 So.2d 521.

Accordingly, it is ordered and adjudged — (1) The notice of final hearing filed herein by plaintiff is stricken. (2) This cause is set for trial before the court on Monday, October 30, 1967, at 10 a.m. (3) This cause shall be tried first on the issues relating to the contractual arrangements between the parties and their respective rights and obligations, and shall be limited

to consideration of the matters necessary for determining the question whether or not plaintiff is entitled to an accounting from the defendants.