CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action for a real estate broker’s commission has appealed from a final judgment for the defendant entered by the Circuit Court for Volusia County, following a non-jury trial.
The basic question presented for our determination in this appeal is whether the evidence adduced at the trial supports the findings of fact made by the court in that judgment.
In his amended complaint the plaintiff, Leroy H. Gibson, alleges that he was a registered real estate broker, and that the defendant, J. William Scruggs, was the owner of certain property in Volusia County known as the Rip Van Winkle Motel; that they entered into a» oral agreement wherein Scruggs listed with Gibson for sale the said property at the price of $255,000, and “by the terms of said agreement the Plaintiff undertook to find a purchaser ready, willing and able to purchase said property at said price and on terms and conditions acceptable to the Defendant whereby the Plaintiff was to receive from the Defendant in exchange for such services the customary real estate agent or brokers commission of five (5%) per cent of the total sale price of the property”; that, after the listing was renewed and the commission raised to six per cent, Gibson procured a purchaser ready, willing and able to purchase the motel from Scruggs for $250,000 on terms and conditions agreeable to Scruggs, who accepted such offer on such terms and conditions and subsequently entered into a written contract with the purchaser for the sale of the motel and received from the purchaser a deposit in the. amount of $5,000; that, however, because of Scruggs’ actions in inaccurately stating the business account records of the motel, and without any fault on Gibson’s part, the sale of the motel was not consummated and the purchaser demanded and received the return of his $5,000 deposit.
In his answer to the above complaint, Scruggs generally denied its allegations, denied that Gibson did in fact produce a purchaser ready, willing, and able to purchase the property on terms acceptable to Scruggs, and alleges that any inaccurate representations concerning the property made to prospective purchases were made by Gibson himself with full knowledge of the inaccuracies of the representations.
While this action was pending, both Scruggs and the prospective purchaser died, so the loss of these two primary witnesses complicated the proof of the issues joined in this cause. The death of Scruggs, for example, invoked the application of the Florida Deadman’s Statute (Sec. 90.05, Florida Statutes, F.S.A.).
There was evidence before the court that the prospective purchaser procured by Gibson was not ready, willing, and able to purchase the motel property on terms acceptable to Scruggs. A contract made by Scruggs and the prospective purchaser provided for the sale of the motel property for the price of $250,000, but a “rider” attached to the contract contained two important provisions : that within seven days of the execution of this contract by Scruggs, he would prepare and initial an inventory of all personal property conveyed, and, until such inventory was attached to the contract, the latter would be inoperative and until such time the contract would “merely constitute an offer to purchase the Rip Van Winkle Motel” by the purchaser herein; that the contract is subject to and contingent upon an audit of Scruggs’ accounts and motel records.
The inventory described in the first provision of the rider was not attached to the contract. There was no evidence that such an inventory was ever prepared or that the parties to the contract waived the preparation of the inventory.
*253 The trial court pointed out in the judgment,appealed from that under the express terms of the contract the failure to prepare and initial the inventory rendered the contract merely an offer to purchase. The court then concluded: “The failure of the parties to perform the inventory and the apparent failure of the prospective purchaser to go forward with his right to such an inventory certainly constitutes evidence from which it could be inferred that the purchaser was not ready and willing to buy the property.”
The trial court also pointed out in the judgment that the second provision of the rider grants the purchaser the unqualified right to avoid the sale completely “if the results of the said audit are unsatisfactory to the purchaser. * * * ” and so the contract “became wholly unenforceable against the prospective purchaser and constituted nothing more than an option to purchase.”
Without substituting our judgment on the facts for the trial court’s judgment, we cannot say that that court’s inferences and conclusions were not reasonably drawn from the evidence at the trial.
 The plaintiff, Gibson, in the trial court had the burden of proving by a preponderance of the evidence that he was entitled to recover under the terms of the broker’s commission agreement with Scruggs, and in this appeal he has the burden of demonstrating that there was insufficient, substantial, competent evidence to support the factual findings of the trial court sitting as the trier of the facts. In our opinion, the plaintiff has failed to carry successfully either of these burdens.
Therefore, the judgment appealed from herein must be and it is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.