PER CURIAM.
Plaintiffs sued the defendant to obtain a real estate commission. Suffering entry of summary judgment, plaintiffs appeal. We have reviewed the record in the light of the points on appeal and reverse. We do so because we find disputed issues of critical fact as to the existence of a contract be *808 tween the parties and as to the plaintiff’s performance of the contract. Such circumstance bars use of summary judgment procedure. Lewis v. Tyner, Fla.App.1961, 125 So.2d 328; Chapman v. Tison, Fla.App.1962, 137 So.2d 605; Enes v. Baker, Fla.1952, 58 So.2d 551; Hartnett v. Fowler, Fla.1957, 94 So.2d 724. See also generally Weisberg v. Perl, Fla.1954, 73 So.2d 56; Carter v. Livesay Window Co., Fla.1954, 73 So.2d 411; Weber v. Porco, Fla.1958, 100 So.2d 146; Harvey Bldg., Inc. v. Haley, Fla.1965, 175 So.2d 780; Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404.
Reversed and remanded.
CROSS, C. J., and WALDEN and McCAIN, JJ., concur.