PER CURIAM.
Plaintiff-broker sued both the defendant-seller and the defendant-buyer to recover a broker’s commission to which plaintiff claims it is entitled. Plaintiff’s claim against seller is predicated upon the theory that it procured a binding contract of purchase or presented to the seller a customer who was ready, able and willing to buy on the terms prescribed by the seller but that due to seller’s failure the transaction did not close. Plaintiff also seeks an adjudication as to the disposition of funds deposited by the defendant-buyer with plaintiff asserting in effect that it is entitled to a commission from the proceeds of such deposit on the theory that the transaction was not consummated because of the fault of the defendant buyer.[1] The trial court entered summary judgment in favor of both defendants.
From our review of the record we are of the opinion that disputed issues of *895 critical fact exist between the parties so as to preclude the entry of summary judgment. Particularly, but not exclusively, ascertaining the respective duties and responsibilities of the defendant-seller and defendant-buyer with regard to the preparation of certain audits the determination of which fact would indicate whether the transaction failed to consummate because of the fault of the buyer, seller or neither. The intent of the defendants with respect to these audits, which is material, cannot be resolved at the summary stage of these proceedings. The presence of ambiguities in the deposit receipt agreement coupled with the necessity of determining the scope of performance of the defendants under such agreement would suggest a trial on the merits.[2] An additional critical matter to be determined is the nature and extent of the broker’s employment, i.e., was he to find a ready, willing and able purchaser for the property or was he to effectuate a sale of the property?
Our decision to reverse is not an adjudication of any liability by either of the defendants to the plaintiff but rather a determination that there exists genuine issues of fact precluding disposition of this cause at a summary proceeding. See Nichols v. Village Park Mobile Home Estates, Inc., Fla.App.1970, 237 So.2d 807; Rock-Weld Corp. of Puerto Rico v. Rock-Weld Equip. Corp., Fla.App.1966, 184 So.2d 186; see also Randolph v. Neeley, Fla.App.1966, 185 So.2d 785; Willis v. Clark, Fla.App.1961, 135 So.2d 260; Abel v. First Fed. Sav. & Loan Ass’n of Manatee County, Fla.App.1967, 199 So.2d 295; and Gibson v. Scruggs, Fla.App.1969, 226 So.2d 251.
Reversed and remanded for further proceedings consistent with the reasons herein expressed.
REED, C. J., and CROSS and MAGER, JJ., concur.

. Nothing herein is intended to suggest that the plaintiff-broker is entitled to a commission from the defendant-buyer. In the absence of some understanding or agreement to the contrary the seller alone is liable for the payment of the eommission due to the broker. 5 Fla.Jur. Brokers § 37. The presence of all the parties before the court in this proceeding will serve to provide a complete adjudication of the rights of all parties with the avoidance of a multiplicity of suits.

. The deposit receipt agreement in question is a contract to purchase as distinguished from an option subject, however, to the satisfaction of certain conditions by tire buyer and seller. If the conditions have not been satisfied then the contract to purchase may well be subject to termination by the buyer without any liability of either the buyer or seller to the broker. The fact that the sale is not consummated due to circumstances surrounding the performance of these conditions would not necessarily entitle a broker to a commission unless the buyer was ready, willing and able to purchase and the seller refused to complete the transaction ; or unless the contract having been performed by the seller the sale is not consummated because of the fault of the buyer in which case there would be a forfeit of the deposit.