PER CURIAM.
The Petitioners are the Trustees for two trusts of which they, along with the Respondents, are also beneficiaries. The Respondents have brought suit against the Trustees pursuant to Section 738.12, Florida Statutes (1991), claiming the Trustees have violated the underproductive trust property statute. The Trustees petition this Court for a Writ of Certiorari to quash portions of a discovery order entered by the trial court which compelled the production of numerous documents dealing with the management and operation of trust and other assets.
We are persuaded to grant certiorari for three reasons. First, a suit under Section 738.12 is by nature narrow in scope, and cannot be used to obtain a de facto accounting, or to obtain the kind of discoveiy permitted only after the right to an accounting has been established. See generally Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956); Bouis v. Warren, 112 So.2d 283 (Fla. 2d DCA 1959). Second, the Respondents have available to them pertinent financial statements, including certified public audits, which contain the relevant sought after information, rendering the current discovery order duplicative. Third, the Trustees have already provided the Respondents with access to many relevant documents regarding both the administration of the trusts and the Robbie estates.
Consequently, we find that the trial court departed from the essential requirements of the law. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990). We therefore quash the trial court’s discovery order to the extent it granted Respondent’s requests for production numbered 6, 7, 8, 12, 13, 14, 15, 16, 17, and 25.
Certiorari granted.