107 So.2d 798 (1959)
R.K. COOPER and R.K. Cooper, Inc., a Florida corporation, Appellants,
v.
Alan D. FULTON, Appellee.
No. 58-645.
District Court of Appeal of Florida. Third District.
January 6, 1959.
Charles J. Crowder and George J. Baya, Miami, for appellants.
Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
By an interlocutory appeal, the appellants R.K. Cooper and R.K. Cooper, Inc., who were the defendants below, challenge the correctness of an order for discovery.
The order appealed from was entered in a suit brought by the appellee Alan D. Fulton for the dissolution of a partnership *799 which Fulton alleged was entered into between himself and appellants through an oral contract in 1952. It was alleged that the partnership business consisted of an insurance agency operated by and through R.K. Cooper, Inc., and that appellants had terminated the partnership on October 6, 1958, and excluded plaintiff from the business.
On the day after the suit was filed, a hearing was had on plaintiff's application for injuction. As a result of that hearing the court made an order which enjoined the parties in certain respects designed to preserve the subject matter pendente lite, and ordered discovery by requiring the defendants R.K. Cooper and R.K. Cooper, Inc., to produce for inspection the company's records of insurance policies, that portion of the order being as follows:
"(6) `All of the books and records, data and memoranda having to do and affecting the insurance phase of your operation (referring to the defendants' operation) will be exhibited to Mr. Fulton, save and except that part of your records referred to as expiration dates of the several policies.'
"(7) By way of clarification of the order contained in paragraph (6) immediately above, the Court means to direct, and does so order and direct that in the use of the word `exhibit', the Court intends and so orders that the books, records, data and memoranda be exhibited to the plaintiff, or his agents, servants or employees, for the purpose and to the extent necessary to permit a take-off or copying of all such data, records and book entries, save and except only the expiration dates of the several policies involved.
"(8) The Court holds and so orders that the defendants furnish to the plaintiff the names of all insurance companies, as also the names of the respective insureds, in each and every policy in force as of October 6, 1958.
* * * * * *
"(10) The defendants, and each of them, their agents, servants and employees, are hereby ordered and directed to conform to and abide by the several provisions of this Order forth-with to the end that there shall be no delay or interference in any manner whatsoever with the plaintiff procuring the information hereinabove ordered and directed to be made available to him."
This court, on review of the chancellor's denial of a motion of appellants to supersede or stay the order, granted supersedeas of the parts of the order relating to such discovery, being paragraphs numbered 6, 7, 8 and 10 of the order quoted hereinabove.
Rule 1.28 of 1954 Florida Rules of Civil Procedure, 30 F.S.A., entitled "Discovery and Production of Documents and Things for Inspection, Copying or Photographing," provides for the production or furnishing of documents for inspection "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 1.24(b)". The rule referred to [1.24(b)] relates to "Orders for the Protection of Parties and Deponents", under which "upon motion seasonably made" the court may dispense with, limit or control the discovery process as the necessities and justice of the parties and the matter involved may require.
Here the order was made on the occasion of an injunction application held the day after the suit was filed, and there was no prior motion for discovery or opportunity for a noticed motion for protection. However, the views of the parties respecting the discovery, as they might have been presented to the court on such motions after specific notice, appear to have been raised and argued at the hearing which was held.
The determinative question is whether the court erred in granting discovery of matters relevant to an accounting, *800 prior to a determination on the merits of the issues upon which a right to such an accounting would depend.[1]
The appellants contend that the discovery order was premature and not necessary, and that giving Fulton knowledge of their customers, policies and expiration dates[2] would cause appellants irreparable injury if appellants prevailed on the main issues.
In suits for accounting, the procedure calls first for the establishment of the right or basis for the accounting, with the actual accounting following in accordance with that earlier determination. Manning v. Clark, Fla. 1951, 56 So.2d 521; Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Gladman v. Hallam, Fla.App. 1958, 104 So.2d 46. See Hollywood Beach Hotel & Golf Club v. Gilliland, 140 Fla. 24, 191 So. 30.
In Charles Sales Corp. v. Rovenger, supra, the Supreme Court of Florida, speaking through Mr. Justice Hobson, held that discovery as to accounting was premature and improperly ordered in advance of a decision establishing the right to accounting. In that case the court said (88 So.2d at pages 554, 555):
"Since there is no claim of privilege, the only point remaining to be considered is that of relevancy of the interrogatories at the present stage of the litigation. The defendant petitioner contends that the plaintiff is prematurely seeking discovery as to items of account before it has been established that he is entitled to an accounting. Is such discovery `relevant to the subject matter' of the action? This resolves itself into the broader question of the propriety of allowing discovery before trial as to the relief sought.
* * * * * *
"As an example of a suit triable in separate parts, Professor Moore refers to a patent infringement suit where the plaintiff seeks an injunction and an accounting. In such a suit, the court will not ordinarily permit the plaintiff to obtain discovery as to the accounting until after the question of whether the plaintiff has a right to an accounting has been determined. See Zenith Radio Corp. v. Dictograph Products Co., Inc., D.C.D.Del. 1947, 6 F.R.D. 597, and the numerous federal cases in accord cited in 4 Moore Section 26.18, p. 1072, n. 2."
In the Charles Sales Corp. case, the Florida Supreme Court cited and quoted from Sinclair Refining Co. v. Jenkins Petroleum Products Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449. There the United States Supreme Court, in an opinion prepared by Mr. Justice Cardozo, said (289 U.S. at pages 693, 694, 53 S.Ct. at page 737):[3]
"To state the function of the remedy is to give the password to its use. There are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery. In suits of that order a discovery as to damages will commonly be postponed till the *801 right or liability has been established or declared. [Citing cases.] As a general thing it will be useless to decree it any earlier, and may even be oppressive. `The principle of judicial parsimony' (L. Hand, J., in Pressed Steel Car Co. v. Union P.R. Co., D.C., 240 F. 135, supra), if nothing more, condemns a useless remedy. This division of the trial into stages or installments will happen oftenest in suits in equity, though it is not unknown in actions at law where a jury has been waived. In equity it is common practice. Thus, a suit to establish a partnership or to restrain the infringement of a patent culminates, if successful, in an interlocutory decree, which will be followed by an accounting and a discovery of documents. In these and like cases, the accounts will not be probed until the right has been adjudged."
There was no reason for the chancellor in the instant case to depart from the rule as above stated and to permit the discovery in advance of determination of the right to a dissolution or accounting, because the information as to the insurance policies was not relevant or necessary in the trial of that part of the case involving the question of the plaintiff's status and his right to dissolution and accounting.
On the other hand, it is obvious that production of the information, if it should later be determined that the plaintiff had no right thereto, could result in some irreparable injury to appellants.
Therefore, discovery was not warranted prior to a trial on the merits and determination of the plaintiff's right to the dissolution or to an accounting for which such information would then be relevant and material, and the order of October 14, 1958, is reversed to the extent that it made provision for such discovery.
Reversed.
HORTON and PEARSON, JJ., concur.
NOTES
[1] The order appealed from was dated October 14, 1958. The supersedeas operated to stay only the discovery provision, but we were informed by counsel on argument that the cause is not yet at issue and has not progressed further than the filing by defendants of a motion to dismiss.
[2] Counsel agreed at oral argument that the provision in the discovery order permitting withholding of the information on expiration dates would not be effective, as they could be learned readily from other data relating to the policies which would be submitted for inspection.
[3] Although the Sinclair Refining Co. case was decided in 1933, prior to adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A., the holding of that case, as quoted, "is still good law under the Federal Rules". Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551, 554; 4 Moore's Federal Practice, § 26.13, p. 1072.