HENDRY, Judge.
This is an interlocutory appeal wherein appellant, defendant below, challenges the correctness of an order of the chancellor that denied defendant’s motion to dismiss plaintiff’s complaint and granted plaintiff leave to depose defendant to determine what amount, if any, is due plaintiff.
Plaintiff alleges in his complaint that he and defendant entered into an agreement whereby defendant would pay to plaintiff a commission on certain insurance written by him and for any renewals thereof.
Plaintiff further alleges that defendant has breached the agreement and that by reason thereof plaintiff is entitled to judgment for the amount due, an accounting and other relief.
We have examined the complaint and concluded that the allegations contained therein are sufficient to withstand the motion to dismiss for failure to state a cause of action. That part of the order denying the motion to dismiss is therefore affirmed.
The other point presented in this appeal is whether plaintiff was entitled to depose defendant for the purpose stated prior to a determination of the issues upon which a right to an accounting would depend.
It is appellant’s contention that to allow discovery proceedings of this nature at the present stage of the case would do irreparable harm to defendant, since it may be shown that an accounting is unnecessary. We find merit in this contention.
Our Supreme Court and this court have considered this point and held that discovery as to accounting was premature and improperly ordered in advance of a decision establishing the right to accounting. Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551; Cooper v. Fulton, Fla.App.1959, 107 So.2d 798.
It is our view that the rule stated in the above cited cases is controlling. We must, therefore, reverse that part of the order granting leave to plaintiff to depose defendant at this stage of the cause to determine what amount, if any, is due plaintiff.
Affirmed in part and reversed in part.