ANDREWS, Judge.
The defendants, Cay Construction Company, Sylvan B. Krause and J. Leon Kahn, bring interlocutory appeal from orders directing them to produce certain documents in a suit brought by Conlee Construction Company. Krause was sued as an officer and director of Conlee as well as an officer and director of Cay. Kahn was sued as both a stockholder of Conlee and as an officer and director of Cay.
*564 The complaint sought an accounting and alleged that Krause and Kahn seized a corporate opportunity by purchasing for themselves and Cay instead of Conlee certain real property situated in Brevard County. The complaint also alleged that Krause and Kahn formed Cay Construction Company, helped it compete with Con-lee, and used Conlee’s assets to help effectuate this purpose.
After preliminary motions the defendants filed an answer to the complaint. Plaintiff-Conlee then moved to amend the complaint and filed interrogatories relative to the purchase of property. The defendants responded to the interrogatories after which the plaintiff filed motions to produce numerous documents and writings in the possession of the defendants.
The trial court entered two orders requiring certain documents, objects and things to be produced by the defendants for inspection, copying and photographing by the plaintiff. It is from the granting of these motions that defendants appeal.
The orders to produce were very broad and included numerous items, copies of which were obtainable from the public records. The order also required the production of journals, ledgers, work papers, can-celled checks, vouchers, financial statements, minute books, stock books and similar items which could only have relevance as to the amount of any sums that might be due the plaintiff in an accounting and not to the issue of plaintiff’s right to the accounting.
The case of Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551, set forth the rule in Florida that in an action for accounting there are two triable issues, the first being the right to an accounting. This issue must be decided first before the court can enter orders requiring production of documents related solely to the second issue, the accounting itself.
This case has been followed in Drucker v. Martin, Fla.App.1963, 157 So.2d 435; Cooper v. Fulton, Fla.App.1959, 107 So.2d 798.
Accordingly, the orders to produce appealed from are reversed to the extent that they require production of documents, objects and things not pertaining to the first triable issue, plaintiff’s right to an accounting. The orders are affirmed as to those parts of the orders pertaining to the right of the plaintiffs to an accounting.
Affirmed, in part; reversed, in part.
WALDEN, C. J., and CROSS, J., concur.