CROSS, Judge.
Appellants (defendants) by interlocutory appeal seek review of orders requiring them to produce certain documents, books, records and papers for inspection and copying in an action brought by the appellees (plaintiffs) for specific performance, in-junctive relief and an accounting.
The complaint alleges the plaintiffs and defendants both to be engaged in the motel business with the plaintiffs owning a motel and the defendants in the business of selling motel franchises.
Plaintiffs claim they entered into an oral agreement with the Defendant-Armstrong whereby, in consideration of their furnishing him with plans, specifications, trade names and slogans and other services, they would receive a motel franchise from defendants and would share equally in the ownership of the franchise business which plaintiffs allege is carried on through the medium of the defendant, a Delaware corporation.
The permanent relief sought by the plaintiffs is specific performance of the contract by the defendants, recognition to be entitled to one-half of the capital stock of the defendant, a Delaware corporation, an accounting of the assets, liabilities, income and disbursement of said defendant, and an appropriate order directing payment of one-half of all dividends heretofore paid and such other sums as are properly due plaintiffs as the owners of one-half of the stock.
Defendants answered denying that a binding and enforceable oral agreement had been entered into by and between the parties and generally denied plaintiffs’ entitlement to relief. Plaintiffs subsequently filed a motion to produce resulting in the orders now the subject matter of this appeal.
The books and records required of the defendants to produce are as follows:
“1. Minute books, stock issue and transfer books, and books of account of the Defendant, CAMELOT MOTOR LODGE AND INN CORPORATION, a Delaware corporation.
“2. Minute books, stock issue and transfer books, and books of account of CAMELOT MOTOR LODGE, INC., a Florida corporation.
“3. Correspondence from Defendants, WALTER EUGENE ARMSTRONG and CAMELOT MOTOR LODGE AND INN CORPORATION, a Delaware corporation, to prospective franchise purchasers, in which the Defendants, or their agents, servants or employees, advised said prospective purchasers of the availability for inspection of the Camelot Motor Lodge and Inn in North Palm Beach, Florida, owned by Plaintiffs.
“4. Brochures, pamphlets and other advertising media prepared by and/or distributed and used by the Defendant, CAMELOT MOTOR LODGE AND INN CORPORATION, a Delaware corporation.
“5. Minute Books, stock issue and transfer books and books of account of any subsidiary corporation or associate corporation of Defendant, CAMELOT MOTOR LODGE *832 AND INN CORPORATION, a Delaware corporation.
“6. Plans and specifications of the Camelot Motor Lodge in North Palm Beach, Florida, owned by the Plaintiffs.”
Defendants contend the plaintiffs are prematurely seeking discovery as to items of accounting before it has been established that they are entitled to an accounting.
In Charles Sales Corporation v. Rovenger, Fla.1956, 88 So.2d 551, the Supreme Court of Florida set forth that discovery as to an accounting must be deferred until the preliminary issue of the right to the accounting is settled. This case has been followed in Cay Construction Co. v. Conlee Construction Company, Fla.App. 1967, 200 So.2d 563; Drucker v. Martin, Fla.App.1963, 157 So.2d 435; Cooper v. Fulton, Fla.App.1959, 107 So.2d 798. See Zenith Radio Corporation v. Dictograph Products Co., Inc., D.C.D.Del.1947, 6 F.R. D. 597, and the numerous federal cases in accord, cited in 4 Moore’s Federal Practice, § 26.18, p. 1229, n. 2.
Accordingly the orders requiring the defendants to produce the books and records as set forth above in numbered paragraphs 1, 2 and 5 are reversed; in all other aspects the orders are affirmed.
Affirmed, in part, and reversed, in part.
ANDREWS, J., concurs.
\
WALDEN, C. J., dissents, with opinion.