222 So.2d 442 (1969)
A-1 TRUCK RENTALS, INC., Appellant,
v.
Thomas VILBERG, Appellee.
No. 69-18.
District Court of Appeal of Florida. Third District.
May 13, 1969.
*443 Malspeis, Lococo & Brown, North Miami, for appellant.
Horton & Schwartz, MacKenzie & MacKenzie, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
Appellee has moved to dismiss this appeal upon the ground that the notice of appeal was filed after the expiration of 30 days from the rendition of the judgment appealed from (an "Amended Judgment and Order of Clarification of Judgment" in a suit for an accounting).
The important dates are:

 1. August 1, 1968: Recording (and therefore rendition[1]) of
 judgment requiring accounting.
 2. October 30, 1968: Filing of Motion for Clarification of Judgment.
 3. December 5, 1968: Recording (and therefore rendition[2]) of
 Amended Judgment and Order of Clarification
 of Judgment.
 4. January 6, 1969: Filing of Notice of Appeal directed to
 Amended Judgment and Order of Clarification
 of Judgment.

*444 The motion to dismiss urges: (1) the judgment of August 1 requiring an accounting was a final judgment and appealable as such; (2) the motion of October 30 was not filed within the time allowed for petitions for rehearings; (3) the trial court was without jurisdiction to enter the judgment of December 5, and in actuality the amended judgment was a refiling of the judgment of August 1; (4) therefore, this court is without jurisdiction to review the subject matter of the amended judgment, and the appeal should be dismissed.
We think that appellant's motion is not well founded. It overlooks the fact that a suit for an accounting is ordinarily a two-stage proceeding. The procedure calls first for the establishment of the right or basis for the accounting with the actual accounting following in accordance with the earlier determination. See Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Cooper v. Fulton, Fla.App. 1959, 107 So.2d 798. In addition a suit for an accounting is an equitable proceeding in which the court retains jurisdiction until the final determination in order to render a comprehensive final judgment. See McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567, 569 (1933).
Courts of this state have accepted appeals from orders determining the right to an accounting as appeals from interlocutory orders. Gladman v. Hallam, Fla. App. 1958, 104 So.2d 46; McCann Plumbing Co. v. Plumbing Industry Program, Fla.App. 1958, 105 So.2d 26; Carberry v. Foley, Fla.App. 1968, 206 So.2d 425. This fact suggests to us that judgments determining the right to an accounting are interlocutory orders. We now hold that they are.
A close examination of Rules 1.530(b) and 1.530(g), R.C.P., 31 F.S.A., convinces us that they do not apply to interlocutory orders. They apply only to final judgments,[3] because a trial court after issuing an interlocutory order retains jurisdiction over a cause and has power to do all things necessary to enable it to reach a final judgment.[4] It follows that a trial court has jurisdiction to amend or modify an interlocutory order any time before it enters final judgment. We conclude that the Motion for Clarification of Judgment was filed timely and that the trial court therefore had jurisdiction to enter the judgment of December 5. That judgment is an interlocutory order and the present appeal from it is properly an interlocutory appeal. As such it is not subject to dismissal for failure to appeal from a prior interlocutory order.
The motion to dismiss is denied.
NOTES
[1] Larybar, Inc. v. City of Miami Beach, Fla.App. 1968, 208 So.2d 129.
[2] Ibid.
[3] Cf. State ex rel. Park Towers Associates, Ltd. v. District Court of Appeal of Florida, Third District, Fla. 1969, 221 So.2d 136.
[4] See Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924); North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849, 851, approving the statement of the law in Barber v. North Shore Hospital, Inc., Fla.App. 1961, 133 So.2d 339, at 340.