REED, Judge.
The plaintiff, Michael J. Kelley, filed a suit in the Circuit Court for Broward County, Florida, for an equitable accounting against Thomas O’Shaughnessy, Sr., and others.
Paragraph 11 of his complaint alleged,
“That on or about August 1, 1964, an Agreement was entered into by the parties. Said Agreement is attached hereto, marked Exhibit ‘A’ and made a part of this Complaint. The Agreement sets out the intentions and rights of the parties.” (Emphasis added.)
Exhibit A attached to the complaint is a contract in which the first parties are: Plaintiff, Michael J. Kelley, Richard J. Kelley, and Andrew R. Zetts. The second parties are defendant Thomas O’Shaughnessy, Sr., Thomas O’Shaughnessy, Jr., and Dale H. Griffin and Kathryn N. Griffin, his wife.
The agreement was for the purpose of forming a joint venture to develop real estate in Florida and in Ohio. According to the recitals in the agreement, Michael J. Kelley and the other parties of the first part owned the Ohio property and defendant O’Shaughnessy, Sr., and the other second parties owned the Florida realty. The contract designated the plaintiff Michael J. Kelley as agent for all of the parties to secure financing and plans for the development of the properties. The contract authorized him to incur attorneys’ fees, architects’ fees and other expenses promoting and financing the construction and specifically provided that any such expenses incurred by Kelley would be divided into sixths and required each of the parties to reimburse Kelley proportionately. Kathryn N. Griffin was evidently a formal party, being the wife of one of the other parties, and she was apparently not included in the six persons among whom the expenses were to be divided. The provision dealing with the expenses reads as follows:
“ * * * It is contemplated that MICHAEL J. KELLEY has already incurred architects’ expenses and will incur additional architects’ expenses, attorneys’ fees, as well as other expenses in promoting the construction of improvements on the properties as well as securing adequate financing. These costs shall be divided into sixths and each of the parties hereto agree to reimburse MICHAEL J. KELLEY for his proportionate share of the costs and expenses.”
The agreement also provided that upon completion of the transaction, the ownership of the Ohio and Florida properties would be divided one-sixth to each of the parties to the contract (excluding Kathryn N. Griffin).
Paragraphs 12, 15, and 16 of the complaint allege with very little specificity some type of a transaction which apparently involved a partnership made up of the plaintiff Kelley, the defendant Thomas O’Shaughnessy, Sr., and one George Preste. The relationship between this partnership and the joint venture evidenced by the *337 contract attached to the complaint as Exhibit A is not clear either from the complaint or from the testimony.
The answer denied all of the allegations in the complaint.
On May 17, 1967, a preliminary hearing was held to determine whether or not the plaintiff had a right to an accounting. A contract between the parties was admitted in evidence as Plaintiff’s Exhibit 1. The appellant has unfortunately not made Exhibit 1 a part of the record, but references in the record indicate that Exhibit 1 is the same as the contract attached to the complaint as Exhibit A. If we are wrong in this assumption, our error can be pointed out in a petition for rehearing. During the hearing, the plaintiff Kelley testified about a number of advances he made which were related vaguely to the plan to develop the Pompano Beach property, i. e., the Florida property described in the written .contract. He apparently had with him cancelled checks totaling approximately $20,000.00, but none were received in evidence. Kelley’s testimony also made reference to the existence of the partnership between himself, Thomas O’Shaughnessy, Sr., and Mr. Preste. This partnership was also involved in the development of the Pompano Beach property and apparently some property in California. What the contractual relationship of the partners was is not shown by the evidence.
At the conclusion of the testimony the trial judge held that an accounting should be taken of nine payments apparently-made by the plaintiff totaling $11,632.81. The court indicated that it wanted an accounting of these payments and stated that if the parties were unable to arrive at an accounting between themselves, it would refer the matter to an accountant for the purpose of conducting the accounting.
In February of 1968 a second hearing was held in the cause. At this hearing, which was announced by the plaintiff’s attorney as being for the purpose of establishing damages, Mr. Kelley, the plaintiff, testified that he invested $20,000.00 odd dollars in the Pompano Beach venture. He stated that in addition to the $20,000.00 which he had invested in cash, he had expended $4,-500.00 for attorney’s fees, accountant’s fees and salaries of his own employees whose services were employed in connection with the project.
On 19 February 1968 after the hearing, the trial court entered a final judgment in favor of Kelley against Thomas O’Shaugh-nessy, Sr., only, awarding the former $17,-569.62 for advances which the trial court found were made by Kelley for the benefit of O’Shaughnessy, Sr., plus interest in the amount of $900.00 and costs in the amount of $316.06. A motion for rehearing was filed and an order was entered on the motion for rehearing by a different circuit judge than the one who entered the final judgment. The order on rehearing says:
“THIS CAUSE having come on for re-hearing upon Defendants’ Motion, it was found by this Court after reviewing the file, that being an accounting case, the Judgment is hereby remitted to $8,-784.81; that is, fifty (50%) percent of the above judgment, plus costs in the amount of $316.06, plus interest in the amount of $450.00, making a balance of $9,550.87, for which let execution issue.”
Under the appellant’s first point, he contends that the contract between the parties was to be held in escrow and, therefore, never became legally effective. This is a misconstruction of the contract. The contract does provide that the plaintiff Kelley will hold the contract in escrow. This reference in the contract, however, does not indicate that the parties intended the contract to remain undelivered and legally ineffective. It appears that the parties meant simply that Kelley would have physical possession of the contract to be used as evidence of his agency for the others. The first point is without merit.
Under his other points, the appellant makes basically two arguments. The first *338 argument is that the trial judge allowed too much to Kelley. The appellant argues that the maximum amount advanced by Kelley was $10,036.75. From a review of the testimony, we are satisfied that Kelley testified to at least $18,676.12 of advances. His testimony is vague and indefinite, but indulging the presumption of correctness which favors the ruling of the trial court, we are of the opinion that the trial court’s finding that $17,569.62 was advanced is adequately supported by the record.
Appellant also argues, however, that the maximum amount which should be due from the plaintiff is one-sixth of the total advances. We are inclined to agree with the appellant that it was an error for the trial judge to have awarded a judgment against the defendant O’Shaughnessy, Sr., first for the total amount of the advances, and then 50% of the advances.
It is fundamental that a party seeking an accounting must first prove that he has a basis for it. Hence the court must at a preliminary hearing determine the nature of the plaintiff’s right to an accounting. Manning v. Clark, Fla.1951, 56 So.2d 521, 523; A-1 Truck Rentals, Inc. v. Vilberg, Fla.App.1969, 222 So.2d 442. See also Cooper v. Fulton, Fla.App.1959, 107 So.2d 798, 800. The actual accounting must then follow in accordance with this determination.
In our opinion the trial court erred in not making a clear determination on the record of the plaintiff’s right to an accounting. At the preliminary hearing the court took testimony as to amounts advanced by Kelley, but failed to make a determination evidenced by specific findings on the record as to the nature of the relationship between the plaintiff and the defendants and particularly between the plaintiff and the defendant O’Shaughnessy, Sr., and the nature of the plaintiff’s right to recover from the defendant O’Shaugh-nessy, Sr. In our opinion the trial court’s failure to make such a determination, led it into the further error of rendering a judgment against O’Shaughnessy, Sr., which is unauthorized by the contractual relationship between the parties which appears from the present record.
As we have previously mentioned, there appears in the record the contract designated as plaintiff’s Exhibit 1 which indicates the existence of a joint venture between Kelley, his son, and a third person by the name of Zetts on one side and defendant O’Shaughnessy, Sr., and his son, and Dale H. Griffin and Griffin’s wife, Kathryn, on the other side. This agreement has a specific provision in it dealing with Kelley’s right to reimbursement for expenses incurred by him in promoting the joint venture. The agreement specifically provides that the members of the joint venture are required individually to reimburse Kelley for only one-sixth of such expenses. In our opinion, therefore, the trial court erred in allowing a reimbursement to Kelley in an amount unwarranted by the contract.
We have already mentioned that there is some testimony indicating that O’Shaugh-nessy, Sr., Kelley, and a man by the name of Preste operated as a partnership and that the partnership was in some way involved in the development of the Pompano property. What the nature of this partnership was and the agreement among the partners is not shown. There was, therefore, no basis in the evidence of this partnership to confer on Kelley any right to an accounting from O’Shaughnessy, Sr., different from that which was specifically set forth in the joint venture agreement (plaintiff’s Exhibit 1).
For the foregoing reasons, the final judgment is reversed and the cause is remanded to the trial court. On remand the trial court shall, after hearing such additional testimony as the parties desire to present', make a determination on the record as to the basis for the plaintiff’s right to a recovery against the defendant Thomas O’Shaughnessy, Sr. The trial court shall then make or cause to be made in accord- *339 anee with that determination an accounting of the payments made by the plaintiff which have previously been determined to total $17,569.62. If the trial court determines that there is no basis for such recovery against Thomas O’Shaughnessy, Sr., other than that provided by plaintiff’s Exhibit 1, any judgment against defendant Thomas O’Shaughnessy, Sr., shall be limited to one-sixth of the amount of the advances by plaintiff Kelley within the contemplation of paragraph 2 of that contract. Interest may be allowed on such advances from the time the plaintiff was due to be reimbursed, but only if a proper evidentiary basis for the determination of such due date is provided by the record. See 18 Fla.Jur., Interest, § 8, p. 363.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, C. J., concurs only in conclusion.