292 So.2d 54 (1974)
G.H. CRAWFORD CO. FINANCIAL SERVICES, a South Carolina Company, and L.N. Weisser, Appellants,
v.
Ivan J. GOCH, Appellee.
No. 73-1530.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Patton, Kanner, Nadeau, Segal, Stobs & Zeller, Miami, for appellants.
Lapidus & Hollander, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants take this interlocutory appeal to review the court's order denying their motion to quash and objections to interrogatories.
On December 28, 1968 plaintiff Ivan Goch and defendant L.N. Weisser sold their stock in the Highlands County Title and Guaranty Land Company to Samuel Zorovich and as part of the consideration therefor took back promissory notes reflecting their respective interests in the stock of the corporation. On the same date Goch and Weisser entered into a memorandum agreement regarding the sale of the above stock. In November 1970, *55 plaintiff Goch filed a complaint seeking a pure bill for discovery against L.N. Weisser and G.H. Crawford Company Financial Services and attached thereto the memorandum agreement. Plaintiff alleged therein that he believed the defendants Weisser and Crawford Company had conspired to interfere with his rights under the attached agreement., resulting in a breach thereof by Weisser. Goch further alleged that certain facts and documents in relation thereto were in the exclusive possession of the defendants and thereupon prayed that the court grant discovery upon these matters in order that complainant might commence an action against the defendant-appellants. In response thereto, defendants filed a motion to dismiss the complaint. That motion was denied and the denial thereof was affirmed on appeal (Fla.App., 247 So.2d 763). Thereafter, defendants filed an answer and discovery began. In October 1973, plaintiff filed a request for the production of certain books and records of G.H. Crawford Company and an accounting regarding its purchase of Highlands County Title and Guaranty Land Company or the stock thereof and, in addition, requested the tax returns of Crawford Company for the years 1968 through 1972 inclusive. Plaintiff also propounded certain interrogatories to L.N. Weisser regarding payments received pursuant to the memorandum agreement and contributions made to and/or received from Crawford Company and Highlands County Title and Guaranty Land Company. Objections thereto were filed by the defendants along with a motion to quash the request for production. The objections and motion to quash were denied and this appeal followed.
On appeal, appellants contend that it was error for the court to have denied their motion to quash and objections to certain interrogatories in that the appellee thereby was granted in effect an accounting before he first established his right thereto. We find merit in this contention.
It is well established in this jurisdiction that discovery as to an accounting must be deferred until the preliminary issue of the right to the accounting is settled. Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551 and 10 Fla.Jur.Discovery and Depositions § 8 (1973) and cases cited therein. After a close scrutiny of the record we have determined that the answers to interrogatories 4, 5, 6, 8 and 13 propounded to L.N. Weisser and the items required to be produced could only have relevance as to the amount of any sums that might be due the plaintiff in an accounting and not to the isssue of the plaintiff's right to an accounting. Cf. Cay Construction Company v. Conlee Construction Company, Fla.App. 1967, 200 So.2d 563. Thus, we reverse the order of the trial court granting appellee's motion to produce and overruling appellants' objections to interrogatories 4, 5, 6, 8 and 13. However, we affirm that part of the order which denied appellants' objections to interrogatories 3 and 7. Accordingly, the order herein appealed is affirmed in part, reversed in part and remanded with directions.
It is so ordered.