305 So.2d 56 (1974)
ALY HANDBAGS, INC., a Florida Corporation, and Alberto Llodra, Appellants,
v.
Ira ROSENFELD, Appellee.
No. 74-1224.
District Court of Appeal of Florida, Third District.
December 17, 1974.
*57 Carl A. Spatz, Miami, for appellants.
Carr & Emory, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by the defendants, Aly Handbags, Inc., and Alberto Llodra, challenging an order of the circuit court finding the plaintiff, Ira Rosenfeld, entitled to an accounting and ordering the defendants to render an accounting to him.
This action arose when the plaintiff filed his seven-count complaint, alleging that the defendants owe him certain salesman's commissions pursuant to a written contract and oral agreements in connection with the contract. The defendants denied any oral agreement with reference to commission, but admitted the written contract; raised defenses including breach of contract, statute of limitations, statute of frauds; and counterclaimed for cancellation of the written agreement.
The plaintiff moved for an order authorizing an accounting which the court granted without hearing any testimony. No testimony was presented or even offered to the trial court as to the necessary right to an accounting, nor did the court request same sua sponte. On appeal, the defendants contend that the court erred in entering the order for an accounting without an evidentiary hearing on the issue of right to an accounting and the scope and extent thereof.
It is a fundamental principle in a suit for an accounting that when issues are raised as to the necessity and scope of an accounting, the court must first determine that the moving party is entitled to an accounting before such order is entered. Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; R.K. Cooper v. Fulton, Fla.App. 1959, 107 So.2d 798; Drucker v. Martin, Fla.App. 1963, 157 So.2d 435; Cay Construction Co. v. Conlee Construction Company, Fla.App. 1967, 200 So.2d 563; A-1 Truck Rentals, Inc. v. Vilberg, Fla. App. 1969, 222 So.2d 442; O'Shaughnessy v. Kelley, Fla.App. 1970, 237 So.2d 335; Wood v. Brackett, Fla.App. 1972, 266 So.2d 398; G.H. Crawford Co. Financial Services v. Goch, Fla.App. 1974, 292 So.2d 54.
Therefore, this cause is reversed and remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.