PER CURIAM.
Petitioners seek review of an order denying their motion for protective order with respect to the production of certain items subpoenaed by the respondent.
This proceeding arose out of a dispute between the parties regarding compensation and stock purchase matters. There is a suit pending in which petitioners are suing respondent and respondent has answered and also filed a counterclaim against the petitioners seeking an accounting from the petitioners.
In order to obtain discoverable evidence to establish his counterclaim, respondent sought production of certain books and records belonging to the petitioners. Respondent served a request to produce on the petitioners and subpoenas duces tecum were served on various employees of the petitioners.
The petitioners and its employees moved for a protective order with respect to certain of the items on the grounds, inter alia, that it was premature for the trial court to order the production of the documents requested before a preliminary determination was made as to respondent’s right to an accounting. The trial court disagreed and denied the petitioners’ motion for protective order.
Petitioners contend that the trial court departed from the essential requirements of law and that they will not have full and adequate remedy by appeal after final judgment. We agree.
It is well established that discovery as to an accounting must be deferred until the preliminary issue of the right to accounting is settled. International Business Machines Corp. v. Elder, 187 So.2d 82 (Fla. 3d DCA 1966) and Crawford Co. Financial Services v. Goch, 292 So.2d 54 (Fla. 3d DCA 1974).
For the reasons stated the petition for certiorari is granted and the order under review is quashed.