# IN RE: ESTATE OF KONRAD
## Case No. 84-2158 CP
Fifteenth Judicial Circuit, Palm Beach County

March 6, 1985

## OPINION OF THE COURT

EDWARD RODGERS, Circuit Judge.

### ORDER UPON VALIDITY OF FILED WILL

THIS MATTER came before the Court on August 20, 1984. A Petition for Administration and Probate of a Lost Will in the Estate of Sigrid P. Konrad, Case No. 84-2158 CP, was filed in this Court on July 5, 1984. According to the Petition, the decedent executed a Will on August 4, 1983, and that they were unable to locate or find its whereabouts and believed same to be lost. Petitioners requested probate of the photocopy of the Will and that Susan Hooker and Lillian McDonald be appointed copersonal representatives. These parties were also appointed copersonal representatives, pursuant to the Will which was offered for probate.

On or about the first or second week in August, 1984, the Court received a telephone call from one Delores Wheeler who indicated that

she had reasons to believe that the Will submitted for probate was a forgery. On Monday, August 20, 1984, the Court took a sworn statement from one Delores Wheeler and Betty Bush relative to the Will offered for probate. These parties indicated to the Court that Lillian McDonald, one of the copersonal representatives of the Will, did, in fact, forge Mrs. Sigrid Konrad's name to the Will. They further indicated that Mrs. McDonald did in fact substitute a page of the Will for another page of her own choosing. The Court held the depositions and took testimony of both Mrs. Wheeler and Mrs. Bush. Mrs. Wheeler, swore, under oath, that she was aware of the forgery committed by Lillian McDonald and that she requested cooperation of Mr. Wheeler in committing the forgery. Mrs. Bush swears that Mrs. Lillian McDonald admitted that she had changed and forged the Will of Mrs. Konrad. It appeared from the testimony, at one time, Mrs. McDonald did in fact work for Willard Wheeler, the attorney for whom Mrs. Delores Wheeler is presently employed. And it further appeared that, at one time, the Will of Mrs. Konrad was in the office of Mr. Wheeler. On June 25, 1984, Mr. Wheeler wrote Mrs. McDonald and told her that he was returning her check to file the Konrad's Will and that the office would not undertake to represent her, and he indicated, in his letter, that the first page of the Will was a substitution for the first real page. He further advised her that unless she filed the proper Will, he would notify the authorities.

Mrs. McDonald presented to this Court two Wills. One signed and witnessed on the 24th day of August, 1983, and one signed and witnessed on the 4th day of August, 1983. Both of the Wills were witnessed by the same witnesses who testified during a subsequent hearing that they had only witnessed one Will. It appears to the Court that the Will of August 24, 1983, and the Will of August 4, 1983, was the same final page. As the photocopies are compared, the only thing that is changed is that it appears that the #2 in front of the 4, on the 24th day of August as being erased. Other than that, the entire photocopies of the pages for the 24th day of August and the 4th day of August are identically the *same with the same witnesses signing in the very same spots.*

There is no doubt in this Court's mind that the Will was altered. The Court requested the State Attorney's Office to be present at all depositions that were taken for the purpose of determining whether or not there had been any criminal violations. The office of Farish, Farish & Romani had been attorney for the Petitioners in the Will which was filed, and after the initial deposition, they were notified and were present at all future depositions. Subsequent depositions were had, at

**83**

which time, attempts were made by the Petitioners of the Will to discredit the character and creditability of Mrs. Wheeler and Mrs. Bush. Testimony indicated that Mrs. McDonald, too, may have been guilty of altering other deeds and other documents in the past while working as a secretary for Attorney Wheeler. The bottom line appears to be that there were quite a few things going on in Mr. Wheeler's office that should not have happened as it relates to affidavits, witnesses, notarizations, and etc.

However, even in view of that, the Court has no doubt in its mind but that there had been two Wills attested to by the same witnesses. The Court has no doubt but that something has happened to the Will. Mrs. McDonald refused to attend any of the depositions after being advised by the Court of her rights in the nature of Miranda warnings. She was advised that the Court had turned the matter over to the State Attorney's Office for investigation. She took the Fifth Amendment and refused to answer anything to the Court. Numerous investigatory depositions were held with the office of Farish, Farish & Romani being present at each one and cross examining witnesses, and bringing their own witnesses to discredit the testimony of the complaining witnesses.

The matter was then turned over to the State Attorney's Office for further investigation. The State Attorney's Office was to further investigate the matter and give the Court an opinion. After more than an adequate period of time, several months at least, Mr. Williams of Farish, Farish & Romani wrote the Court requesting that something be done with the case, and indicated to the Court that he had talked with the State Attorney's Office, and they had stated they had no intentions of filing criminal charges. As of the date of this Order, the State Attorney's Office has never given this Court the courtesy of reporting its findings to the Court.

At any rate, the Court cannot help but find that the sanctity of the Will upon which so many of us rely to be carried out after death has been seriously invaded in this case. The Court finds that it cannot, in good conscience, agree that the Will that has been admitted to probate is one that should be admitted. However, testimony from some of the witnesses involved, did seem to indicate that many of the bequests did carry out the intent of the testator as had been expressed by her prior to her death.

The Court finds that there was fraud on behalf of the copersonal representatives, Lillian McDonald and Susan Hooker, in violations of FS § 732.5165. However, there is no testimony or evidence to lead the Court to believe that the relatives of the Testator and the nonprofit

84

corporations which were to receive benefits under the Will were any parties whatsoever, or were aware of the fraudulent activities going on with the Will. The Court finds that those who are not parties to the fraud in this matter should take under the Will. See *In Re: Estate of Van Horne,* 305 So.2d 56 (1974). The Court finds that Lillian McDonald, Susan Hooker, and their relatives who were listed as beneficiaries should not be permitted to take under the Will because of the fraud that has been perpetrated in the Will and because they were active in conceiving and carrying out this very bad deed. The Court finds that Susan Hooker also initially took the Fifth while represented by Attorney Lisa Campbell, and refused to come in and testify, however, she subsequently did come in and testify. As the Court recalls her testimony, she was a confidante of the deceased and, at one time, worked for her, and it may have been she who introduced the deceased to Mrs. McDonald. In this case, however, the taint of the Will far exceeds that of being mere undue influence. It amounts to out-and-out fraud, and intentionally changing and perverting one's Last Will and Testament. It has surpassed undue influence by a far distance. It is thereupon,

ORDERED that the Lost Will filed in the Court on July 5, 1984, be admitted to probate, however, it is ordered that the copersonal representatives, Lorraine McDonald and Susan Hooker and their relatives, who were listed under the Will, not be able to take any benefits or interest under the Will.

ORDERED in Chambers this 5th day of March, 1985, at West Palm Beach, Palm Beach County, Florida.