673 So.2d 560 (1996)
ARTHUR FINNIESTON, INC. and Biosculptor Corp., Petitioners,
v.
Greg PRATT and Lucy S. Pratt, a/k/a Lucia S. Pratt, Respondents.
No. 96-345.
District Court of Appeal of Florida, Third District.
May 22, 1996.
*561 Howard W. Mazloff, Miami, for petitioners.
Stettin & Coleman and Roderick F. Coleman, Miami, for respondents.
Before SCHWARTZ, C.J., and BARKDULL and GREEN, JJ.
PER CURIAM.
By way of common law certiorari, petitioners seek review of an order denying their motion for protective order and compelling them to produce certain information deemed by them to be (1) relevant only to an action for an accounting, the entitlement to which had not yet been determined; (2) trade secrets; and (3) otherwise irrelevant to any pending claim or defense in the record. We grant certiorari and quash that portion of the order under review.
Petitioners and respondents entered into a written agreement for the development of computer software and related equipment which, in turn, would be used to design, fit, and manufacture prosthetic sockets and devices for knee amputees and orthotics. According to the allegations of the complaint, petitioners were to manage the business and respondent Greg Pratt was to perform the actual work. Further, petitioners alleged that pursuant to the contractual terms, they advanced to Pratt the sum of $83,500.00 which was to be repaid by him as advances against royalties.
Petitioners filed this action below based upon Pratt's alleged failure to perform the work required under the contract, Pratt's alleged failure to repay the $83,500.00 to petitioners, and his alleged disclosure and/or misappropriation of petitioners' trade secrets to others. Specifically, petitioners filed an eight count amended complaint for breach of contract, money lent, unjust enrichment, misappropriation of trade secrets under chapter 688, Florida Statutes, injunctive relief under chapter 688, Florida Statutes, breach of confidentiality clause, conspiracy, and an accounting of the sales made by Pratt of material which allegedly utilized the jointly owned software. Respondents' response to the amended complaint came in the form of a motion to dismiss which apparently was still pending when the court entered the order under review.
Thereafter, respondents requested petitioners to produce copies of various contracts that petitioners had with third parties for the sale and/or lease of its software packages and other equipment from January 1, 1994 to present. Respondents further requested a copy of each accounting record reflecting royalties or monies otherwise due to respondents under the agreement. Petitioners moved for a protective order arguing that (1) the documents related to an anticipated, but not yet requested accounting action by respondents; (2) the requested documents constituted trade secrets; and (3) the requested documents did not relate to petitioners' pending claims nor to any defense since an answer had not been filed. The trial court entered an order basically denying the motion for protective order and requiring the petitioners to produce, in summary form, the *562 names of the parties as well as the terms and prices of each such agreement from January 1, 1994 to the present plus a copy of each accounting record maintained by petitioners representing the sale, lease, or rental of software packages and equipment from January 1, 1994 to the present date.
We first of all agree with the petitioners that the requested documents are relevant solely to an action for an accounting between these parties. Since neither party's entitlement to an accounting had been established as of the date of the court's discovery order, we conclude that by prematurely allowing discovery on this issue the trial court departed from the essential requirements of the law for which petitioners will not have full and adequate remedy on plenary review. "It is well established that discovery as to an accounting must be deferred until the preliminary issue of the right to an accounting is settled." Drs. Weiland, Keiser, Jones, Shufflebarger, Cooper, P.A. v. Tindall, 372 So.2d 505, 506 (Fla. 3d DCA 1979); see also G.H. Crawford Co. Fin. Servs. v. Goch, 292 So.2d 54, 55 (Fla. 3d DCA 1974).
As to petitioners' second contention that the requested documents were subject to the trade secret privilege, we further find that the trial court's order departed from the essential requirements of the law where it contained no factual findings in support of the court's implicit finding that these documents are not protected by the trade secret privilege. Rare Coin-It, Inc. v. I.J.E., Inc., 625 So.2d 1277 (Fla. 3d DCA 1993). In Rare-Coin It, this court said that:
When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials. If production is then ordered, the court must set forth its findings.
625 So.2d at 1278-79 (citations omitted). Thus, to the extent that the trial court's order makes no specific findings as to why it deemed the requested information not to be protected by the trade secret privilege, we conclude that it departs from the essential requirements of the law for which no adequate remedy may be afforded to petitioners on final review. In quashing the order under review, we therefore instruct the court to set forth its findings as to why it deemed the information not to be encompassed by the trade secret privilege.
Finally, we conclude that petitioners' last asserted ground in support of their petition has been effectively rendered moot by the respondents' subsequent filing of their answer, affirmative defenses, and counterclaim.
Certiorari granted.