714 So.2d 1164 (1998)
VIRGINIA ELECTRONICS AND LIGHTING CORPORATION, Petitioner,
v.
George KOESTER, Richard Hunt and Translight Corporation, Respondents.
No. 98-1283.
District Court of Appeal of Florida, First District.
July 27, 1998.
Michael Bowlus and John D. Webb of Ford, Jeter & Bowlus, P.A., Jacksonville, for Petitioner.
Sally J. Kircher of Kircher & Vail, P.A., Jacksonville, for Respondents Koester and Translight Corporation.
David B. Ferebee, Jacksonville, for Respondent Hunt.
WEBSTER, Judge.
Petitioner seeks review by certiorari of an order ruling on its motion for a protective order regarding certain discovery requested by respondents, which petitioner claimed would require it to divulge trade secrets. We have jurisdiction. See Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978) (granting a petition for a writ of certiorari challenging an order requiring responses to an overly broad discovery request). We conclude that, because the order fails to specify what trade secrets exist and to set forth findings of fact supporting *1165 a conclusion that disclosure of the trade secrets is reasonably necessary to resolve the issues in dispute, it constitutes a material departure from the essential requirements of law. Accordingly, we grant the petition, and quash the order.
Petitioner filed a two-count complaint against respondents, seeking an injunction to enforce a confidentiality, nondisclosure and nonuse agreement and an injunction and damages pursuant to chapter 688, Florida Statutes, the Uniform Trade Secrets Act. Respondents served a request for production and interrogatories. Petitioner filed a motion for a protective order, claiming that the discovery requested would require it to divulge trade secrets. Following a hearing, the trial court entered its order granting petitioner's motion in part, and denying it in part. In its petition to this court, petitioner claims that much of the information which the trial court's order will require it to produce involves trade secrets. Petitioner argues that the trial court's order is deficient because it fails to specify what trade secrets exist and to set forth findings of fact supporting a conclusion that disclosure of the trade secrets is reasonably necessary to resolve the issues in dispute. We agree.
In Eastern Cement Corp. v. Department of Environmental Regulation, 512 So.2d 264 (Fla. 1st DCA 1987), we reversed two non-final agency orders which had denied in part the appellant's request for a protective order based on the claim that disclosure of the documents sought by the appellee would require it to divulge trade secrets. Our decision was based in part upon the holding that the challenged order was deficient because it failed to specify what trade secrets existed and to set forth findings of fact supporting a conclusion that disclosure of the trade secrets was reasonably necessary to resolve the issues in dispute. Accord Arthur Finnieston, Inc. v. Pratt, 673 So.2d 560 (Fla. 3d DCA 1996); Rare Coin-It, Inc. v. I.J.E., Inc., 625 So.2d 1277 (Fla. 3d DCA 1993). Absent such information in the trial court's order, intelligent appellate review is impossible.
We conclude that the order ruling on petitioner's motion for a protective order constitutes a material departure from the essential requirements of law. Accordingly, we grant the petition for a writ of certiorari, and quash the order. If the trial court again concludes that some of the information which petitioner claims constitutes trade secrets should be divulged to respondents, it shall comply with the procedure outlined in this opinion.
PETITION GRANTED; ORDER QUASHED.
BARFIELD, C.J., and KAHN, J., concur.