PER CURIAM.
Petitioner, KPMG, filed a petition for writ of certiorari to review an order requiring production of certain documents for which it claimed either an attorney-client or trade secret privilege. We deny the petition without discussion as to the attorney-client claims. However, we grant the petition on the trade secret privilege claim because the lower court failed to make factual findings to support its conclusions that the Department had demonstrated a reasonable necessity for the production of seventy-one of the documents that the lower court found contained trade secrets. See Virginia Electronics and Lighting Corp. v. Koester, 714 So.2d 1164 (Fla. 1st DCA 1998).
As Koester, as well as the cases cited therein, makes clear, an appellate court must be able to conduct a meaningful review of the trial court’s reasons for granting or denying privilege objections. This does not require revealing the contents of the documents, but it does require particularized findings in support of the determination that the Department had demonstrated a reasonable necessity for production despite the existence of trade secrets. As in Koester, the discovery order in question here “was deficient because it failed to specify what trade secrets existed and to set forth findings of fact supporting a conclusion that disclosure of the trade secrets was reasonably necessary to resolve the issues in dispute.” Id. at 1165.
Accordingly, we grant the petition in part, quash the order in part, and remand for further proceedings consistent with this opinion.
MINER, BENTON and LEWIS, JJ., concur.