IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LASER SPINE INSTITUTE, LLC,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Petitioner,

v.

CASE NO. 1D14-1134

ROBERT WILLIAM GREER, JR.,
LESLIE DOUCETTE, CLARA
DOUCETTE, and LESLIE
DOUCETTE, JR.,

    Respondents.

_____/

Opinion filed August 7, 2014.

Petition for Writ of Certiorari.

Thomas A. Valdez and Todd M. Smayda of Quintairos, Prieto Wood & Boyer,
P.A., Tampa, for Petitioner.

Jeffrey J. Humphries, J. Stephen O'Hara, Jr., and Kathryn N. Slade of O'Hara
Havorsen Humphries, PA, Jacksonville, for Respondent Robert William Greer, Jr.

No appearance for Respondents Leslie Doucette, Clara Doucette, and Leslie
Doucette, Jr.

PER CURIAM.

    Laser Spine Institute, LLC (LSI), a non-party below, petitions for certiorari

review of an order partially denying its motion for a protective order and requiring it to

produce certain billing and collection documents that contain trade secrets. There is no dispute that the documents at issue contain trade secrets, but according to the party seeking the documents – the defendant below, Respondent Robert William Greer, Jr. – the documents are necessary for him to determine the reasonableness of the charges for the medical services provided by LSI to one of the plaintiffs below, Respondent Clara Doucette.[1] The trial court ordered production of the documents subject to a confidentiality agreement to be crafted by LSI and Mr. Greer.

LSI contends that, notwithstanding the requirement of a confidentiality agreement, the trial court departed from the essential requirements of law by requiring production of the documents without making any findings to support its implicit conclusion that Mr. Greer demonstrated a reasonable necessity for the documents that outweighs LSI's interest in maintaining the confidentiality of its trade secrets. We agree. See KPMG, LLP v. Dept. of Ins., 833 So. 2d 285, 286 (Fla. 1st DCA 2002) (quashing portion of order requiring production of documents containing trade secrets and explaining that such orders must contain "particularized findings in support of the determination that the [requesting party] had demonstrated a reasonable necessity for production despite the existence of trade secrets"); Virginia Electronics & Lighting Corp. v. Koester, 714 So. 2d 1164, 1165 (Fla. 1st DCA 1998) ("We conclude that,

---

[1] Ms. Doucette and the other plaintiffs below, Leslie Doucette and Leslie Doucette, Jr., are designated as Respondents pursuant to Florida Rule of Appellate Procedure 9.020(g)(4), but they have not participated in this proceeding.

2

because the order fails to ... set forth findings of fact supporting a conclusion that disclosure of the trade secrets is reasonably necessary to resolve the issues in dispute, it constitutes a material departure from the essential requirements of the law."); see also Cooper Tire & Rubber Co. v. Cabrera, 112 So. 3d 731, 733 (Fla. 3d DCA 2013) ("Orders improperly requiring the disclosure of trade secrets, even providing for confidentiality limitations, are subject to certiorari review."). Accordingly, we grant the petition for writ of certiorari and quash the challenged order insofar as it denied LSI's motion for protective order.[2]

PETITION GRANTED; ORDER QUASHED.

LEWIS, C.J., WOLF, and WETHERELL, JJ., CONCUR.

---

[2] In light of this disposition, we need not consider the issues raised by LSI pertaining to the denial of its motion for reconsideration. LSI may raise those issues on remand.

3