# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2048
Lower Tribunal No. 14-26791
_____


**Kathie Z. Schlesinger,**
Petitioner,

vs.

**Pamula A. Schlesinger,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Stokes McMillan Antúnez, and Juan C. Antúnez; Kula & Associates, Elliot B. Kula and W. Aaron Daniel, for petitioner.

Schlesinger & Associates, Michael J. Schlesinger and Robert R. Jimenez, for respondent.


Before WELLS, LAGOA and SCALES, JJ.

WELLS, Judge.

Kathie Z. Schlesinger, the former-wife of decedent James Schlesinger, petitions this court to quash an order denying her motion for protective order to bar discovery of her banks' records in this action brought by Pamula A. Schlesinger against James Schlesinger's estate. Pamula was married to Schlesinger at the time of his death and claims in this action that he violated the terms of their post-nuptial agreement by making gifts to Kathie, his former-wife, thereby decreasing the value of that portion of Schlesinger's estate that by agreement was to pass to Pamula.[1]

We grant the petition because Pamula as co-personal representative has full access to all of James Schlesinger's bank accounts as well as to all of his personal, business and corporate records from which she may discern if any payments were made to Kathie and whether those payments violated the terms of the post-nuptial agreement. We also grant the petition because no determination has been made either that Pamula is entitled to an accounting from James Schlesinger's estate or that she may recover from Kathie any payments made by James Schlesinger to her. Until such time as such determinations have been made, it is premature to allow Pamula to pursue Kathie's personal financial records. See Spry v. Prof'l Employer

[1] Decedent was married to Kathie for over 30 years. The marriage was dissolved on May 27, 2009. Decedent and Kathie had one daughter, Melanie. On or about May 26, 2009, Kathie and the decedent entered into a Marital Settlement Agreement ("MSA") as part of finalizing their dissolution of marriage. The MSA outlines the financial responsibilities of the decedent and eventually the Estate with regard to Kathie and Melanie. On July 25, 2009, Pamula and decedent were married. On August 31, 2010, Pamula and decedent entered into a Post-Nuptial Agreement. Decedent died on March 31, 2014.

Plans, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) ("Petitioner's disclosure of the requested information will cause irreparable harm, simply because it is financial information; the Florida Supreme Court has recognized that 'the disclosure of personal financial information [via discovery] may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.' Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003) (citations omitted)."); see also Universal Eng'g Testing Co. v. Israel, 707 So. 2d 900, 901 (Fla. 5th DCA 1998) ("Review by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. Allstate Insurance Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995); see also Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097 (Fla. 1987). In the instant case, we find the trial court abused its discretion by requiring disclosure of confidential and proprietary documents before the ultimate issue of respondent's stockholder status and her right to review and inspect those same documents under section 607.1602 has been decided."); Arthur Finnieston, Inc. v. Pratt, 673 So. 2d 560, 562 (Fla. 3d DCA 1996) (confirming that it "is well established that discovery as to an accounting must be deferred until the preliminary issue of the right to an accounting is settled" (quoting Drs. Weiland, Keiser, Jones, Shufflebarger, Cooper, P.A. v. Tindall, 372 So. 2d 505, 506 (Fla. 3d

3

DCA 1979))); <u>Aly Handbags, Inc. v. Rosenfeld</u>, 305 So. 2d 56, 57 (Fla. 3d DCA 1974) ("It is a fundamental principle in a suit for an accounting that when issues are raised as to the necessity and scope of an accounting, the court must first determine that the moving party is entitled to an accounting before such order is entered."); <u>G.H. Crawford Co. Fin. Servs. V. Goch</u>, 292 So. 2d 54, 55 (Fla. 3d DCA 1974) ("[D]iscovery as to an accounting must be deferred until the preliminary issue of the right to the accounting is settled.").

Relying on these basic principles, we grant the writ sought and quash the order under review.